DAVID L. LINCOLN ET UX, JANICE Y. LINCOLN, PLAINTIFFS v. NANCY BUECHE, JASON FORBES, 1ST CHOICE REALTY OF GREENSBORO, INC., D/B/A RE/MAX 1ST CHOICE, AND COUNTY OF GUILFORD, DEFENDANTS

No. COA03-750

(Filed 7 September 2004)

**1. Costs— voluntary dismissal—mandatory**

The taxing of costs is mandatory when a plaintiff voluntarily dismisses an action under N.C.G.S. § 1A-1, Rule 41(a)(1), unless the action was brought in forma pauperis.

**2. Costs— attorney fees—justiciable issues in pleadings**

An award of attorney fees against plaintiffs under N.C.G.S. § 6-21.5 was error where plaintiffs' pleadings and other relevant documents, read indulgently, raised justiciable issues concerning the implied warranty of habitability for plaintiffs' new house.

**3. Pleadings— Rule 11 sanctions—attorney fees—findings insufficient—objective reasonableness present**

The award of attorney fees against plaintiffs under N.C.G.S. § 1A-1, Rule 11 was error where the trial court did not support its conclusion that plaintiffs had violated Rule 11 with any findings, further failed to indicate which prong of the Rule 11 test plaintiffs violated, and a de novo review of the pleading does not indicate that plaintiffs or their attorneys acted without objective reasonableness when they signed the pleading.

**LINCOLN v. BUECHE**

[166 N.C. App. 150 (2004)]

**4. Costs— attorney fees—Rule 68—authorization under another statute needed**

Attorney fees can be awarded under Rule 68 only when there is authorization for taxing them as costs under some other rule or statute. In the absence of that authority, the award of attorney fees under N.C.G.S. § 1A-1, Rule 68 in this case was error.

**5. Unfair Trade Practices— attorney fees—insufficient findings and conclusions—frivolous and malicious action**

An award of attorney fees under N.C.G.S. § 75-16.1 was an abuse of discretion where the trial court did not find or conclude that plaintiffs knew or should have known that the action was frivolous and malicious and the Court of Appeals, upon its review of the record, could not say that plaintiffs knew or should have known that the action was frivolous and malicious.

**6. Costs— attorney fees—voluntary dismissal—refiling**

The trial court abused its discretion by assessing additional attorney fees if plaintiffs refiled their action as allowed under N.C.G.S. § 1A-1, Rule 41(a). The role of the court is to determine costs and not to encourage or discourage the filing of an action under N.C.G.S. § 1A-1, Rule 41(a).

**7. Trials— recording proceedings—trials rather than hearings**

There was no error in the trial court's failure to record a hearing on a motion for costs and attorney fees. N.C.G.S. § 7A-95(a) provides that court reporters shall be utilized for trials; although plaintiffs argue that this hearing constituted a trial because the imposition of sanctions amounts to a determination on the merits, the case was disposed of on the merits when plaintiffs filed a series of voluntary dismissals.

Appeal by plaintiff from judgment entered 28 January 2003 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 4 March 2004.

*J. Michael Thomas for plaintiff-appellants.*

*Hicks McDonald Noeker LLP, by David W. McDonald, for defendant-appellees.*

LINCOLN v. BUECHE

[166 N.C. App. 150 (2004)]

STEELMAN, Judge.

Plaintiffs' complaint alleged that David and Janice Lincoln (plaintiffs) purchased a home built by defendant Nancy Bueche (Bueche) located in the Town of Summerfield in Guilford County. Bueche obtained a building permit as an "owner-builder" on 22 November 1999, showing the estimated cost of construction to be $196,504.00. She constructed the dwelling with the assistance of defendant Jason Forbes (Forbes), who was formerly a licensed contractor.

On 11 April 2000, prior to the construction of the house being completed, Bueche listed the house for sale with Re/Max First Choice Realty. Plaintiffs purchased the house from Bueche for $250,000.00 on 14 August 2000. At the time of closing, the house was not finished, and no certificate of occupancy had been issued by Guilford County. Plaintiffs alleged that they were induced to close on the house based upon misrepresentations of Bueche that the house would be completed and a certificate of occupancy obtained within four days of closing, or in no event later than Labor Day. The certificate of occupancy was not issued until 18 October 2000, and plaintiffs alleged that the house was never properly completed.

On 1 November 2001 plaintiffs commenced this action by filing a summons and complaint asserting ten separate claims against the various defendants. The claims asserted against Bueche were for recision of an illegal contract, fraud, unfair and deceptive trade practices, breach of contract, breach of implied warranty, and civil conspiracy. Plaintiffs asserted claims against Forbes for unfair and deceptive trade practices. Additional claims were asserted against Re/Max First Choice Realty and Guilford County, which were subsequently dismissed by plaintiffs.

Bueche and Forbes moved to dismiss plaintiffs' action pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief could be granted. On 8 May 2002, Judge Lindsay R. Davis, Jr. dismissed plaintiffs' claim for civil conspiracy, but denied the motion as to the remaining claims.

On 15 November 2002, Bueche and Forbes moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. On 22 November 2002, plaintiffs voluntarily dismissed the fraud claim against Bueche, without prejudice. On 5 December 2002, the date of the scheduled hearing of defendants' motion for summary

judgment, plaintiffs voluntarily dismissed all of their remaining claims, without prejudice.

Bueche and Forbes filed a motion for costs and attorney's fees on 23 December 2002, based upon Rules 11 and 68 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 6-1, N.C. Gen. Stat. § 6-21.5, and N.C. Gen. Stat. § 75-16.1. On 27 January 2003, Judge Burke entered an order granting the motion. Plaintiffs were ordered to pay $2,516.46 in costs. The order further provided that if plaintiffs did not refile their lawsuit, they would be required to pay Bueche and Forbes $12,483.54 in attorney's fees. However, if plaintiffs wished to refile their lawsuit, then they were required to pay attorney's fees in the amount of $23,400.00 prior to refiling the action. The order recited that the costs and attorney's fees were taxed pursuant to Rules 11 and 68 of the Rules of Civil Procedure and N.C. Gen. Stat. §§ 6-1, 6-21.5 and 75-16.1. Plaintiffs appeal the trial court's order taxing them with costs and attorney's fees.

[1] We first note that when a plaintiff voluntarily dismisses an action under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, Rule 41(d) mandates plaintiff "shall be taxed with the costs of the action unless the action was brought in forma pauperis." The taxing of costs in this situation is mandatory. *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 732, 596 S.E.2d 891, 893 (2004) (citations omitted). In their appeal, plaintiffs do not assert that the type or amount of costs, exclusive of attorney's fees assessed as costs, were improper. We affirm the trial court's award of the non-attorney's fees costs in the amount of $2,516.46.

[2] In their first assignment of error, plaintiffs contend that the trial court erred in awarding attorney's fees under N.C. Gen. Stat. § 6-21.5, because the complaint raised justiciable issues. We agree.

N.C. Gen. Stat. § 6-1 (2003) provides for costs to the "party for whom judgment is given," in accordance with chapters 6 and 7A of the General Statutes. N.C. Gen. Stat. § 6-21.5 (2003) provides for an award of attorneys' fees to the prevailing party in a civil action or special proceeding if the trial court finds there was "a complete absence of a justiciable issue of either law or fact" raised by the losing party in the pleadings. N.C. Gen. Stat. § 6-21.5. This statute requires review of all relevant pleadings and documents to determine whether attorneys' fees should be awarded. *Bryson v. Sullivan*, 330 N.C. 644, 660, 412 S.E.2d 327, 335 (1992). "the trial court is required to evaluate whether the losing party persisted in litigating the case after a point

where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991).

Plaintiffs contest the trial court's second conclusion of law, that "[e]ach of the seven claims asserted by plaintiffs against defendants Bueche and Forbes is defective in one or more respects, and there is a complete lack of justiciable issue as to any one of them," and its sixth conclusion of law, that "[t]here is a complete lack of justiciable issue as to each of the seven claims for relief asserted against the defendants Bueche and Forbes."

Surviving a Rule 12(b)6 motion is not determinative on the issue of justiciability. *Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 119, 557 S.E.2d 614, 618 (2001). A justiciable issue is one that is "real and present as opposed to imagined or fanciful." *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437. " 'Complete absence of a justiciable issue' suggests that it must conclusively appear that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss." *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 326, 344 S.E.2d 555, 437 (1986), *disc. rev. denied*, 318 N.C. 284, 348 S.E.2d 344 (1986).

The fifth claim for relief against Bueche in plaintiffs' complaint alleges that Bueche breached an implied warranty of habitability in the construction of the residence in question, and that plaintiffs suffered compensatory and incidental damages from said breach. In North Carolina, the doctrine of implied warranty of habitability requires that:

> [I]n every contract for the sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee.

*Hartley v. Ballou*, 286 N.C. 51, 62, 209 S.E.2d 776, 783 (1974). "The test is whether there is a failure to meet the prevailing standard of workmanlike quality." *Gaito v. Auman*, 313 N.C. 243, 252, 327 S.E.2d 870, 877 (1985). An implied warranty of workmanlike quality may be waived, but only by "clear, unambiguous language, reflecting the fact that the parties fully intended such result." *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 202, 225 S.E.2d 557, 568 (1976).

Bueche contends that when she began constructing the house she intended to live in it, and was not building the house for the purpose selling it for a profit. However, there is substantial evidence in the pleadings and relevant documentation to the contrary. In Bueche's deposition, referenced in plaintiffs' brief to the trial court in opposition to defendant's motion for costs and attorney's fees, she admits that she formed a corporation, NABCO, in May of 2000 for the purpose of real estate development. The house in question was sold to plaintiffs on 1 August 2000. Bueche further admitted that she and defendant Forbes, both officers of NABCO, had developed six additional properties for sale, either individually or through NABCO. The plan for plaintiffs' house had been used by Forbes prior to the construction of plaintiffs' house, and was used by Bueche and Forbes for one of the subsequent properties she developed. In an affidavit, Bueche's real estate agent testified that he was always under the impression that Bueche and Forbes were in business together, and that the sale of the house in question was part of "a business project." There was sufficient evidence contained in the relevant pleadings and documents to present a justiciable issue that Bueche was "in the business of building such dwellings."

Plaintiffs' complaint in the instant case alleges, *inter alia*, that Bueche breached the implied warranty of habitability by positioning "the landing and steps from the house into the garage such that one bay of the garage is unusable as a parking space for a motor vehicle[.]" In *Lapierre v. Samco Dev. Corp.*, 103 N.C. App. 551, 556, 406 S.E.2d 646, 648 (1991), this court upheld a jury verdict finding that defendant breached an implied warranty of habitability where it constructed stairs in the garage in such a manner that, according to plaintiff's testimony, "he had to pull to the back wall of the garage to have enough room to open the door and had to 'squeeze' between the side of the car and the stairway to reach the kitchen."

Giving plaintiffs' pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss, our review of the pleadings and other relevant documentation fails to support

that there was a complete absence of any justiciable issue of fact or law. Awarding attorney's fees under N.C. Gen. Stat. § 6-21.5 was thus improper.

**[3]** In their second and fourth assignments of error, plaintiffs contend the trial court erred in awarding defendants attorney's fees under Rule 11 of the North Carolina Rules of Civil Procedure. We agree.

"According to Rule 11, the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, "or a good faith argument for the extension, modification, or reversal of existing law" (legal sufficiency); and (3) not interposed for any improper purpose. A breach of the certification as to any one of these three prongs is a violation of the Rule." *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992).

Unlike N.C. Gen. Stat. § 6-21.5, when evaluating an award of attorney's fees under Rule 11 "reference should be made to the document itself, and the reasonableness of the belief that it is warranted by existing law should be judged as of the time the document was signed. Responsive pleadings [and other relevant documents] are not to be considered." *Id.* at 656, 412 S.E.2d at 333 (citations omitted). The trial court must determine if the plaintiffs (or their attorneys) acted with "objective reasonableness under the circumstances" when they signed the pleading in question. *Turner v. Duke University*, 325 N.C. 152, 164 (1989). The purpose of Rule 11 sanctions is "to prevent abuse of the legal system." *Grover v. Norris*, 137 N.C. App. 487, 495, 529 S.E.2d 231, 235 (2000).

This court reviews the awarding of sanctions based on Rule 11 *de novo*, while the type and amount of the sanctions are reviewed by an abuse of discretion standard. *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989).

The reviewing court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment. As a general rule, remand is necessary where a trial court fails to enter findings of fact and conclusions of law regarding a motion for sanctions pursuant to Rule 11. "However, remand is not necessary when there is no evidence in the record, considered in the

light most favorable to the movant, which could support a legal conclusion that sanctions are proper."

*Sholar Bus. Assocs., Inc. v. Davis,* 138 N.C. App. 298, 303-04, 531 S.E.2d 236, 240 (2000). In the instant case, the trial court failed to support its conclusion that plaintiffs had violated Rule 11 with any findings of fact, and further failed to indicate which prong(s) of the Rule 11 test plaintiffs' pleading purportedly violated. Upon our *de novo* review of the pleading in question, we find nothing to support a conclusion that plaintiffs (or their attorneys) acted without "objective reasonableness under the circumstances" when they signed the pleading in question. The trial court erred in awarding attorney's fees based on Rule 11.

**[4]** In their third assignment of error, plaintiffs argue that the trial court erred in concluding that Bueche and Forbes are entitled to an award of attorneys' fees and costs under Rule 68 of the North Carolina Rules of Civil Procedure. We agree.

Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with the cost then accrued. . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. Gen. Stat. § 1A-1, Rule 68 (2003). Attorneys fees may be awarded under Rule 68 if they are "part of the 'costs then accrued' when defendant made his offer to plaintiff[.]" *Purdy v. Brown,* 307 N.C. 93, 96, 296 S.E.2d 459, 462 (1982). There is no provision in Rule 68 authorizing the trial courts to award attorneys fees. Attorneys fees can be awarded in the context of Rule 68 where there exists authorization to tax them as costs under some other Rule or statute. In the absence of such authority, the awarding of attorney's fees to defendants under the provisions of Rule 68 was error.

**[5]** In their fifth assignment of error, plaintiffs argue the trial court erred by awarding attorneys fees pursuant to N.C. Gen. Stat. § 75-16.1 (2003). We agree.

N.C. Gen. Stat. § 75-1.1(a) (2003) states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or

practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-16.1 provides:

> In any suit instituted by a person who·alleges that the defendant violated G.S. 75-1.1 [the unfair and deceptive acts or practices statute], the presiding judge, may in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
>
> (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C. Gen. Stat. § 75-16.1 (2003). Thus, in order to prevail on a motion for attorneys' fees under N.C. Gen. Stat. § 75-16.1, the defendant must (1) be the "prevailing party" and (2) prove that the plaintiff "knew, or should have known, the (N.C. Gen. Stat. § 75-1.1) action was frivolous and malicious." "Award or denial of such fees . . . is within the discretion of the trial judge." *McDonald v. Scarboro*, 91 N.C. App. 13, 23, 370 S.E.2d 680, 686 (1988). "In awarding attorneys fees under G.S. 75-16.1, the trial court must make findings of fact to support the award." *Lapierre v. Samco Dev. Corp.*, 103 N.C. App. 551, 561, 406 S.E.2d 646, 651 (1991).

> "What is an unfair or deceptive trade practice usually depends upon the facts of each case and the impact the practice has in the marketplace." The [Supreme] Court [defines] an unfair practice as one which "offends established public policy as well as . . . [one which] is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." A deceptive practice is one which has the "capacity or tendency to deceive;" proof of actual deception is not necessary. "In determining whether a representation is deceptive, its effect on the average consumer is considered."

*Abernathy v. Ralph Squires Realty Co.*, 55 N.C. App. 354, 357, 285 S.E.2d 325, 327 (1982). In the instant case, plaintiffs alleged that while marketing the house in question Bueche and Forbes intentionally represented that it was being constructed by a licensed general contractor when such was not the case, and that Bueche illegally and deceptively obtained the building permit for the house in order to facilitate construction by an unlicensed contractor.

·

LINCOLN v. BUECHE

[166 N.C. App. 150 (2004)]

N.C. Gen. Stat. § 87-1 (2003) mandates that any person undertaking to construct any building that will cost thirty thousand dollars or more will be deemed a "general contractor" and must· be so licensed by the State of North Carolina. An exception is made for persons who intend to occupy the building after its completion. Violation of this statute is a class 2 misdemeanor. N.C. Gen. Stat § 87-13 (2003).

The evidence in this record shows that the house was sold to plaintiffs for $250,000.00 and that neither defendant Bueche nor defendant Forbes were licensed contractors in the State of North Carolina during the building of the residence in question. Defendant Bueche never lived in the house, and in fact listed and sold the property before construction on it was completed. Evidence in the record supports plaintiffs contention that they believed the house was being constructed by a licensed general contractor. Defendants actions could fairly be viewed by plaintiffs as deceptive, and the use of unlicensed contractors to build houses for the marketplace has a substantially injurious impact on consumers.

The trial court failed to make any conclusion of law that plaintiffs knew or should have known that the action was frivolous and malicious, and also failed to make any findings of fact that would support such a conclusion under N.C. Gen. Stat. § 75-16.1. Upon our review of the record, we cannot say that plaintiffs knew, or should have known, that the action was frivolous and malicious, and find that the trial court abused its discretion in awarding attorney's fees under N.C. Gen. Stat. § 75-16.1.

[6] In their sixth assignment of error, plaintiffs argue the trial court's order awarding attorneys' fees and costs constituted an abuse of discretion in that it assessed an additional award of attorney's fees in the amount of $10,956.46 in the event that plaintiffs re-filed the instant action as allowed under Rule 41(a) of the North Carolina Rules of Civil Procedure. We agree.

Rule 41(a) of the North Carolina Rules of Civil Procedure allows a party to voluntarily dismiss an action and to then refile the action within one year. Upon filing such a dismissal, that party shall be taxed with the costs of the action under Rule 41(d). These costs may include attorney's fees if authorized by rule or statute. It is the role of the trial court to determine which costs are properly assessed to the dismissing party and to determine the amount of such costs in accordance with the applicable appellate decisions of this State. It is not the role of the trial court to encourage or discour-

age a party from refiling an action under Rule 41(a). It was improper for the trial court to set the amount of attorney's fees at one figure if plaintiffs refiled their action, and another in the event they chose not to refile their action. The trial court should have assessed costs and attorney's fees at the amount supported by the evidence. It was then up to the dismissing parties to decide whether or not they wished to refile their action.

[7] In their seventh assignment of error, plaintiffs argue the trial court violated N.C. Gen. Stat. § 7A-95 (2003) by failing to have the hearing on defendants' motion for costs and attorneys' fees recorded by a court reporter. We disagree.

N.C. Gen. Stat. § 7A-95(a) provides: "Court reporting personnel shall be utilized if available, for the reporting of trials in the superior court." Plaintiffs argue that a hearing on attorney's fees and costs constitutes a trial where the imposition of sanctions amounts to a determination of the case on the merits. This case was disposed of on the merits when the plaintiffs filed a series of voluntary dismissals, not by the court's rulings on defendants' motions for costs. What was before the court on 6 January 2003 was not a trial, but a motion for costs and attorney's fees. There was no requirement under N.C. Gen. Stat. § 7A-95 that the motion hearing be taken down by a court reporter. This assignment of error is without merit.

AFFIRMED IN PART, AND REVERSED IN PART.

Judges McGEE and CALABRIA concur.