An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-1065

Filed 20 August 2025

Wake County, No. 22 CVS 014297-910

ELISABETH A. PRITCHETT, Plaintiff,

v.

CHRISTINA BENDER JONES DUDEK, AKA CHRISTINA JONES, AKA CHRISTI JONES, Defendant.

Appeal by Plaintiff from an order entered 22 May 2024 by Judge Vince M. Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals 12 June 2025.

> *Bell, Davis & Pitt, P.A., by Kevin G. Williams, Andrew M. Shortt and Carson D. Schneider, for Plaintiff-Appellant.*

> *Tharrington Smith, LLP, by Jeffrey R. Russell, Casey C. Fidler, Fred M. Morelock and Alice C. Stubbs, for Defendant-Appellee.*

WOOD, Judge.

Plaintiff appeals from an order entered 22 May 2024 granting Defendant's Motion to Dismiss and Request for Sanctions. Plaintiff contends (1) the trial court erred by granting Defendant's request for Rule 11 sanctions when the signing and filing of the amended complaint do not violate Rule 11 and the order lacks sufficient

findings; (2) the trial court abused its discretion in its award of attorney's fees; (3) the trial court erred by dismissing the amended complaint without considering lesser sanctions; and (4) the trial court erred by dismissing Plaintiff's amended complaint without prejudice while failing to specify that the same claim could be recommenced within one year.

## I.    Factual and Procedural Background

On 21 November 2022, Elisabeth Pritchett ("Plaintiff") filed a verified complaint alleging claims for alienation of affection, criminal conversation, intentional infliction of emotional distress, reckless infliction of emotional distress, negligent infliction of emotional distress, and punitive damages against Christina Dudek ("Defendant").   On 24 January 2023, Defendant filed her first Motion to Dismiss and a Motion to Bifurcate.

On 6 November 2023, Defendant's Motion to Dismiss was heard by the trial court.   Defendant presented arguments concerning the statute of limitations and deficiencies in the claims.   After twenty-five minutes into the hearing, Plaintiff's counsel informed the trial court that approximately ten minutes prior to the calendar call and thirty minutes prior to the hearing they had filed an Amended Complaint rendering the hearing moot.   The trial court noted "this has been an exercise in futility" and "it would have been nice if you would have informed the Court prior to us going through all this . . ." before deeming the hearing moot.

Later in the same afternoon, after hearing the arguments and trial court's

considerations during the hearing, Plaintiff filed a second Amended Complaint. The second Amended Complaint was filed without first obtaining leave of the trial court or written consent of the adverse party.

On 17 November 2023, Defendant filed another Motion to Dismiss and Motion for Rule 11 Sanctions. Thirty-two minutes after the filing of Defendant's motions Plaintiff filed a Motion to Amend Complaint.

Another hearing was held on 6 May 2024 on Defendant's and Plaintiff's motions. Midway through the hearing Plaintiff's counsel informed the trial court and opposing counsel that Plaintiff was withdrawing her Motion to Amend Complaint and mooting the hearing. After hearing arguments, the trial court stated it was inclined to impose sanctions but wanted to review the transcript from the previous hearing.

On 22 May 2024, the trial court entered the Order Granting Defendant's Motion to Dismiss and Request for Sanctions concluding the Plaintiff's complaints were filed for an improper purpose and ordered Plaintiff to pay Defendant's attorney's fees in the amount of $22,500.00.

On 14 June 2024, Plaintiff filed Notice of Appeal with this Court.

## II.    Analysis

On appeal, Plaintiff raises four issues, (1) the trial court erred by granting Defendant's request for Rule 11 sanctions when the signing and filing of the amended complaint do not violate Rule 11 and the order lacks sufficient findings of an improper purpose, (2) the trial court abused its discretion in its award of attorney's fees, (3) the

trial court erred by dismissing the amended complaint without considering lesser sanctions, and (4) the trial court erred by dismissing Plaintiff's amended complaint without prejudice while failing to specify that the same claim could be recommenced within one year.

## A. Rule 11 Sanctions

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A–1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A–1, Rule 11(a).

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

Rule 11 states, "the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, 'or a good faith argument for the extension, modification, or reversal of existing law' (legal sufficiency); and (3) not interposed for any improper purpose." *Lincoln v. Bueche*, 166 N.C. App. 150, 156, 601 S.E.2d 237, 243 (2004) (cleaned up). If the signer breaches any one of the three prongs, they have violated the rule. *Id.*

The statute dictates that if the rule is violated, the "court shall impose sanctions." N.C. Gen. Stat. §1A-1, Rule 11(a) (2024). Because the imposition of

sanctions is mandatory, the trial court's discretion is "on the selection of an appropriate sanction rather than on the decision to impose sanctions." *Turner*, 325 at 165, 381 S.E.2d at 714 (cleaned up). We review the appropriateness of the sanction imposed by the trial court for abuse of discretion. *Id.*

Plaintiff contends that Rule 11 sanctions are not appropriate because (1) the signing and filing of the first Amended Complaint was allowed under Rule 15(a) and is therefore not sanctionable, and (2) there is no support for the trial court's finding that Plaintiff had any improper purpose for the filing. We disagree.

The trial court found Plaintiff violated Rule 11 by signing pleadings for "improper purpose" and "bad faith" to "delay[ ] or take unfair[ ] advantage in this litigation." Although Plaintiff was "allowed" to file the first Amended Complaint, the trial court determined that it was the first filing in a series that were used for an "improper purpose." "It is well established that an improper purpose is any purpose other than one to vindicate rights . . . or to put claims of right to a proper test." *Johns v. Johns*, 195 N.C. App. 201, 211, 672 S.E.2d 34, 41 (2009) (cleaned up).

> Under Rule 11, an objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose. Because an objective standard is employed, an improper purpose may be inferred from the alleged offender's objective behavior. In assessing that behavior, we look at the totality of the circumstances.

*Johns*, 195 N.C. App. at 212, 672 S.E.2d at 42 (2009) (cleaned up). The trial court

made numerous findings of fact evaluating Plaintiff's behavior during the totality of

the proceedings:

> 3. A hearing on Defendant's First Motion to Dismiss was held on November 6, 2023 . . . .
>
> 4. At the hearing on Defendant's First Motion to Dismiss, after Defendant's counsel had completed his argument, Plaintiff's counsel notified Judge Shirley and his opposing counsel (approximately twenty-five minutes into the hearing) that he filed an Amended Complaint minutes prior to the hearing.
>
> 5. Plaintiff's counsel did not initially inform the Court or opposing counsel of the Amended Complaint when beginning his argument but, instead, informed everyone only after Defendant's counsel made his argument on Defendant's Motion to Dismiss.
>
> 6. Judge Shirley admonished Plaintiff's counsel for not informing anyone of the Amended Complaint and further admonished Plaintiff's counsel for failing to inform the Court or opposing counsel of the Amended Complaint before preparations for the hearing.
>
> 7. Plaintiff's counsel waited until Defendant's counsel had made at least three substantive arguments at the hearing on Defendant's First Motion to Dismiss before informing the [c]ourt that the hearing was futile because he had filed the Amended Complaint minutes prior to the hearing.
>
> 8. A few hours after the hearing on Defendant's First Motion to Dismiss, Plaintiff filed a Second Amended Complaint, which was filed without obtaining leave of [c]ourt or written consent of the adverse party, in violation of Rule 15(a) of the Rules of Civil Procedure. This Second Amended Complaint was filed after counsel had the benefit of having heard Defendant's counsel's arguments for Defendant's First Motion to Dismiss.

9. On November 17, 2023, Defendant's counsel filed Motions to Dismiss and a Motion for Rule 11 Sanctions (hereinafter "Defendant's Second Motion to Dismiss and Motion for Sanctions").

10. Within minutes after Defendant filed Defendant's Second Motion to Dismiss and Motion for Sanctions, Plaintiff's counsel filed a Motion to Amend Complaint (Hereinafter "Plaintiff's Motion to Amend").

11. On May 6, 2024, at the hearing on Defendant's Second Motion to Dismiss and Motion for Sanctions and Plaintiff's Motion to Amend, Plaintiff's counsel withdrew Plaintiff's Motion to Amend in open court without having informed Defendant's counsel or the [c]ourt prior to the hearing and stipulated that he did not intend to pursue Plaintiff's Motion to Amend or proceed on the Second Amended Complaint.

Based on the trial court's findings, which detail the behavior of Plaintiff during the totality of the proceeding, the circumstances clearly allow an inference of improper behavior. While Plaintiff was entitled under the Rules of Civil Procedure to amend the initial complaint, choosing to do so directly prior to the hearing and not informing the court or Defendant's counsel until Defendant's counsel put forth arguments had no purpose other than wasting time, costing Defendant attorney fees, and allowing Plaintiff to hear Defendant's arguments and the trial court's considerations. Plaintiff's counsel was clearly admonished and placed on notice by the trial court his actions were improper. Plaintiff then compounded this issue by improperly filing a Second Amended Complaint, which was filed without obtaining leave of the court or written consent of the adverse party, in violation of Rule 15(a) of the Rules of Civil

Procedure. Less than eleven days later, in response to Defendant's Motion to Dismiss and Motion for Sanctions, Plaintiff filed a Motion to Amend. When the motions came on for hearing Plaintiff repeated the previously admonished behavior by withdrawing his motion and mooting many of the issues on for hearing with no notice to the court or Defendant's counsel, again causing undue delay and unnecessary attorney fees.

Based on the totality of the circumstances, the trial court did not err in granting Defendant's request for Rule 11 sanctions.

**B. Attorney's Fees**

Plaintiff next contends the trial court abused its discretion in its award of attorney's fees. Plaintiff argues the trial court erred by imposing Rule 11 sanctions on Plaintiff individually for alleged violations of her counsel and by failing to make specific findings of fact as to the amount of attorney's fees awarded.

"In reviewing the particular sanction imposed [including Rule 11 sanctions] we use an abuse of discretion standard." *Fatta v. M & M Props. Mgmt., Inc.*, 224 N.C. App. 18, 29, 735 S.E.2d 836, 844 (2012). "Applying that standard in the sanctions context specifically, [a] trial court does not abuse its discretion by imposing a severe sanction so long as that sanction is among those expressly authorized by statute and there is no specific evidence of injustice." *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 55, 870 S.E.2d 636, 654 (2022) (cleaned up).

1. Individual Sanctions

The plain language of N.C. Gen. Stat. § 1A-1, Rule 11 defines who can be

sanctioned. "[I]f a pleading . . . or other paper is signed in violation of this rule, the court . . . shall impose upon the person who signed it, *a represented party*, or both, an appropriate sanction . . . ." N.C. Gen. Stat. § 1A-1, Rule 11 (2024) (emphasis added).

Our Supreme Court in *Bryson* also directly addressed the issue of imposing sanctions on a represented party stating, "[p]arties, as well as attorneys, may be subject to sanctions for violations of the improper purpose prong of Rule 11." *Bryson v. Sullivan*, 330 N.C. 644, 656, 412 S.E.2d 327, 333 (1992). Further, the Court clarified, "[w]hereas a represented party may rely on his attorney's advice as to the legal sufficiency of his claims, he will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay." *Id.* at 663, 412 S.E.2d at 337. "Moreover, the relevant inquiry is not whether a reasonable person in the client's position would have been aware of the legal deficiencies, but whether the client made a reasonable inquiry to determine the legal sufficiency of the document." *Id.* at 656, 412 S.E.2d at 333. It is clear both in statute and case law that a represented party may be sanctioned for improper purpose violations under Rule 11 at the discretion of the trial court.

In the case *sub judice,* Plaintiff was clearly the represented party and, as discussed *supra,* the filing of the two amended complaints and the motion to amend were for an improper purpose. There is no evidence Plaintiff was unaware of the actions her counsel was taking, and Plaintiff was clearly put on notice during the first hearing that the actions of her counsel were problematic. Plaintiff could reasonably

foresee that the trial court would hold Plaintiff accountable for continuing to engage in the same improper behavior. Plaintiff chose to maintain representation with the attorney who was warned by the trial court and there is no evidence she made an "inquiry to determine the legal sufficiency" prior to either amended complaint. *Id.* at 656, 412 S.E.2d at 333. Therefore, it was not an abuse of discretion for the trial court to sanction Plaintiff.

2. Findings for Attorney Fees

Next, Plaintiff contends the trial court erred by failing to make specific findings of fact as to the amount of attorney's fees awarded. We disagree.

> . . . [I]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

N.C. Gen. Stat. §1A-1, Rule 11 (2024). "A trial judge, when imposing Rule 11 sanctions, must explain why the chosen sanction is appropriate and also why the amount of such is appropriate." *Dalenko v. Collier*, 191 N.C. App. 713, 723, 664 S.E.2d 425, 431 (2008). "Specifically, an award of attorney's fees usually requires that the trial court enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Dunn v. Canoy*, 180 N.C. App. 30, 49, 636 S.E.2d 243, 255

(2006) (cleaned up).

In this case, the trial court requested an affidavit of attorney's fees prior to issuing its ruling on the amount of fees owed and then made a number of findings of fact concerning its decision to award attorney's fees after considering the affidavit:

> 16. Defendant's attorneys maintained a record of time and charges for services rendered to Defendant related to the defense of this action.
>
> 17. Defendant's counsel submitted an Affidavit of Attorney's Fees reflecting that Defendant has incurred attorney's fees and expenses of $38,155.12 to defend against this action.
>
> 18. The time spent by Defendant's counsel in defending this matter if fair and reasonable.
>
> 19. The hourly rates charged by Tharrington Smith, LLP to Defendant for the work performed by partners, associates, paralegals are reasonable, in line, and customary to such rates charged by other practitioners with similar skill and reputation in the community.
>
> 20. Plaintiff shall pay attorney's fees to Defendant pursuant to Rule 11 in the amount of $22,500.00.

Consistent with its determination that attorney's fees should be assessed under Rule 11 for Defendant's costs associated only with the amended complaints that were filed improperly, the trial court ordered Plaintiff to pay $22,500.00 in attorney's fees. The trial court did not assess the entirety of Defendant's attorney's fees to Plaintiff. Rather, the trial court assessed only the attorney's fees listed in the affidavit beginning with the 6 November 2023 line for "Review new amended complaint" and

continuing through this appeal. Our Courts have consistently held that an attorney's affidavit can be sufficient support for findings regarding the amount and reasonableness of attorney's fees. *See Middleton v. Middleton,* 159 N.C. App. 224, 227, 583 S.E.2d 48, 49 (2003); *Wiggins v. Bright*, 198 N.C. App. 692, 697, 679 S.E.2d 874, 877 (2009). Here the trial court's order for attorney's fees is consistent with its findings under Rule 11 and supported by Defendant's affidavit. As we discern no abuse of discretion, the trial court's order for attorney's fees is affirmed.

## C. Dismissal

Plaintiff contends the trial court erred by dismissing the amended complaint under Rules 11(a) and 41(b) without considering lesser sanctions and specifying the claim could be recommenced within one year. We disagree.

As discussed *supra*, when sanctions are proper under Rule 11, it is within the discretion of the trial court to determine which sanctions are appropriate. *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Similarly, a trial court's involuntary dismissal under Rule 41(b) is also reviewed for abuse of discretion. *Whedon v. Whedon*, 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985).

Our Courts have stated "[w]here the Rules of Civil Procedure are violated for the purpose of delay or gaining an unfair advantage, dismissal of the action is an appropriate remedy." *Meabon v. Elliott,* 278 N.C. App. 77, 82, 861 S.E.2d 362, 366 (2021); *see also Smith v. Quinn*, 324 N.C. 316, 318-19, 378 S.E.2d 28, 30 (1989).

Plaintiff contends the trial court erred because it was required to "consider a

less severe sanction" before dismissing the action under 41(b). *Goss v. Battle*, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993). While it is true that the trial court must consider lesser sanctions, we disagree with Plaintiff's assessment that the trial court failed to do so here. During the hearing the trial court stated,

> I won't hide the ball. I'm inclined - - but not going to rule yet- - I'm inclined to grant the Rule 11 motion and order attorney's fees, but I want to go and listen to the transcript, because it's been - - there is a contention that it was right - - very early on in the proceedings. If it was not, then that may amplify whatever sanctions might be appropriate. But I'm not ruling yet, because I need to go back and hear, and then that may change how . . . how things go. Because I'm going off of an understanding that's just the way it's been presented, whenever I actually have the evidence within our court system that may shine a little more light on it.

The trial court clearly considered only awarding attorney's fees and weighed the level of sanctions taking into consideration the severity of Plaintiff's attorney's actions. In its discretion, the trial court concluded "[d]ismissal of the Amended Complaint without prejudice pursuant to Rules 41(b) and 11(a) is an appropriate remedy in this case, because Plaintiff violated the Rules of Civil Procedure for the purposes of delay and to gain an unfair advantage." The trial court clearly considered multiple sanctions consistent with this Court's previous holdings and, in its discretion, determined the most appropriate sanction. Therefore, we affirm the trial court's order.

Finally, Plaintiff contends the trial court erred by not including language

allowing Plaintiff to refile a claim within one year. Rule 41(b) states,

> [i]f the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it *may* also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

N.C. Gen. Stat. §1A-1, Rule 41(b) (2024) (emphasis added). The language of the statute leaves the choice of whether to add language allowing the claim to be refiled within one year to the sound discretion of the trial court. This Court has previously noted it is the plaintiff's "responsibility to convince [the court] to include in the order or opinion a statement specifying that plaintiff [has] an additional year to refile." *Clark v. Velsicol Chem. Corp.*, 110 N.C. App. 803, 809, 431 S.E.2d 227, 230 (1993). Without citing case law to support this contention, Plaintiff alleges the trial court erred because no findings of fact explain why dismissal is appropriate or that lesser sanctions were considered. As stated *supra,* the trial court did consider other sanctions and clearly stated it was dismissing the claim "because Plaintiff violated the Rules of Civil Procedure for the purposes of delay and to gain an unfair advantage." As it was within the trial court's discretion to dismiss without a saving clause and Plaintiff makes no argument as to how the trial court abused discretion, we affirm.

### III. Conclusion

For the foregoing reasons we conclude the trial court did not err by granting

Defendant's request for Rule 11 sanctions, nor did the trial court abuse its discretion in its award of attorney's fees and dismissal of Plaintiff's claim. Therefore, we affirm the order of the trial court.

AFFIRMED.

Judges ARROWOOD and FLOOD concur.

Report per Rule 30(e).