SEELEY v. SEELEY

[102 N.C. App. 572 (1991)]

---

DAVID SEELEY v. DEBORAH SEELEY

No. 9014DC650

(Filed 16 April 1991)

**Appeal and Error § 68 (NCI4th)— reduction of attorney fees— appeal by attorney—dismissed**

An appeal was dismissed where the attorney fees awarded in a child support action were subsequently reduced and the attorney appealed on her own behalf. North Carolina law does not permit the taking of an appeal by one who is not a party to the action, and an attorney is not a party to an action brought on behalf of her client. N.C.G.S. § 1-271 (1983).

**Am Jur 2d, Appeal and Error § 195.**

APPEAL by attorney for defendant from order entered 5 February 1990 in DURHAM County District Court by *Judge Carolyn D. Johnson*. Heard in the Court of Appeals 23 January 1991.

*No brief filed for the parties.*

*Laurie Bradsher Preddy, pro se.*

WYNN, Judge.

In this appeal, defendant's attorney, Laurie Bradsher Preddy ("Ms. Preddy"), acting on her own behalf, seeks to overturn the order reducing the amount of attorney's fees that the plaintiff, David Seeley ("Mr. Seeley"), had been previously ordered (by another district court judge) to pay her. For the reasons which follow, we dismiss this appeal.

I

Ms. Preddy had represented Mrs. Seeley in an action against Mr. Seeley for enforcement of court-ordered child support. On 5 June 1987, District Judge Orlando Hudson (now "Superior Court Judge") ordered Mr. Seeley to pay $1552.90 in attorney's fees which Mrs. Seeley incurred in prosecuting the action. Despite a later contempt citation, he failed to comply with the order to pay Mrs. Seeley's attorney's fees.

In January 1990, at a show cause hearing, District Court Judge Carolyn Johnson, upon motion of Mr. Seeley's attorney, reduced the attorney's fees previously ordered by Judge Hudson from $1552.90 to $575.00. From Judge Johnson's order of reduction, Ms. Preddy appealed on her own behalf.

II

Notwithstanding the meritorious nature of Ms. Preddy's argument, we are constrained to dismiss her attempt to appeal this issue because she has appealed on her own behalf and not on behalf of her client, Mrs. Seeley. Clearly, North Carolina law does not permit the taking of an appeal by one who is not a party to the action. N.C. Gen. Stat. § 1-271 (1983) provides: "Any *party* aggrieved may appeal in the cases prescribed in this Chapter." (Emphasis added.) An attorney is not a party to an action brought on behalf of her client.

The record in this case shows that Ms. Preddy filed a notice of appeal on her own behalf to overturn the order of Judge Johnson. The record further shows without qualification over her signature that the appeal was not taken by either of the parties to this action, but by "Laurie Bradsher Preddy, Movant." Since Ms. Preddy is not a party to this action, this appeal is,

Dismissed.

Judges PHILLIPS and EAGLES concur.