CYNTHIA GAIL MILLER AND GUY MORRIS MILLER, PLAINTIFFS V. FORSYTH MEMORIAL HOSPITAL, INC. D/B/A "PIEDMONT MEDICAL SPECIALISTS"; PIEDMONT MEDICAL SPECIALISTS, P.L.L.C.; NOVANT HEALTH, INC.; AND NOVANT HEALTH TRIAD REGION, L.L.C., DEFENDANTS

No. COA04-1179-2

(Filed 15 November 2005)

**Appeal and Error— preservation of issues—denied discovery**

The Court of Appeals will not order a new trial on conjecture and speculation. The plaintiffs in this case did not demonstrate prejudice from the denied discovery of medical peer review material where they neither attempted to introduce evidence about the peer review process at trial nor requested an in camera review of the documents.

Appeal by plaintiffs from judgment entered 6 October 2003 and cross-appeal by defendants from judgment entered 31 October 2003 by Judge Lindsay R. Davis, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 12 May 2005. Petition for rehearing granted on 31 October 2005.

*Elliot Pishko Morgan, P.A., by David C. Pishko, for plaintiff-appellant.*

*Wilson & Iseman, L.L.P., by Tamura D. Coffey, Linda L. Helms, Kevin B. Cartledge and Maria C. Papoulias, for defendant-appellees.*

*Glenn, Mills & Fisher, P.A., by William S. Mills for the North Carolina Academy of Trial Lawyers; and Roberts & Stevens, P.A., by Peter Buckley McGuire for the North Carolina Association of Defense Attorneys, amicus curiae.*

STEELMAN, Judge.

This matter was previously heard by this Court on 12 May 2005, and a decision was rendered in *Miller v. Forsyth Mem'l Hosp., Inc.*, 173 N.C. App. 385, 618 S.E.2d 838 (2005). Pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure, this Court granted plaintiffs Cynthia and Guy Miller's petition for rehearing. This Court granted the petition to rehear on the limited issue of whether the trial court erred in denying plaintiffs' motion to compel discovery and granting defendants' motion for protective order.

The facts in this matter are set forth in this Court's previous opinion, *Miller*, 173 N.C. App. 385, 618 S.E.2d 838. Plaintiffs contend this Court failed to address or misapprehended an issue raised on appeal. Specifically, plaintiffs contend we failed to address whether the trial court erred in denying plaintiffs' motion to compel discovery and granting defendants' motion for protective order on the grounds that the information and documents plaintiffs sought were discoverable and not protected by the peer review privilege or the medical review committee privilege. We adopt our previous opinion in this matter in full and supplement it with the resolution of this issue.

"It is well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion." *Windman v. Britthaven, Inc.*, 173 N.C. App. 630, 632, 619 S.E.2d 522, 524 (2005) (citations and internal quotation marks omitted). In addition, the appellant must show not only that the trial court erred, but that prejudice resulted from that error. *See Bowers v. Olf*, 122 N.C. App. 421, 427, 470 S.E.2d 346, 350 (1996). This Court will not presume prejudice.

The record in this case contains a "Privilege Log," which briefly describes each of the documents defendants contend were subject to the peer review privilege. The record also contains several affidavits briefly describing the contents of some of these documents. However, nothing in the log or the affidavits indicate what, if any, information these documents contained that would have been beneficial to plaintiffs' case to the extent necessary to show plaintiffs' were prejudiced as a result of the trial court's denial of their motion to compel.

This situation is analogous to that occurring at trial where a party must proffer evidence or testimony that has been deemed inadmissible in order to preserve an issue for appeal. Our Supreme Court has stated that for a party to preserve the issue of the exclusion of evidence or testimony for appellate review, its importance must be made to appear in the record and a specific offer of proof is required, unless the significance of the evidence is discernable from the record. *In re Dennis v. Duke Power Co.*, 341 N.C. 91, 102, 459 S.E.2d 707, 714 (1995). When a party objects to the exclusion of evidence or testimony, but does not make an offer of proof for the record of what that testimony or evidence would be, we cannot assess the importance of the evidence sought to be admitted or elicited. *Id.* Therefore, failure to make an offer of proof prevents a determination of prejudice. *Id.*

The significance of the documents in question is not obvious from the record in this matter. Plaintiffs assert that in the face of the trial court's ruling denying their motion to compel discovery there was no way for them to preserve this evidence for appellate review. Plaintiffs' are incorrect for two reasons. First, as noted in our original opinion, plaintiffs made no attempt at the trial of this case to introduce any evidence regarding defendants' peer review process or the internal investigation that occurred following the injection. *Miller*, 173 N.C. App. at 388, 618 S.E.2d at 841. Second, plaintiffs could have requested that the trial court review the documents *in camera* and then seal the documents for possible appellate review. *In camera* review allows the trial court to direct that the requested information be produced under seal for determination by it of relevancy or potential for leading to discovery of admissible evidence. *Shaw v. Cameron*, 125 N.C. App. 522, 529, 481 S.E.2d 365, 369 (1997). Any material which the court determines not to be discoverable may then be preserved under seal for review on appeal should further consideration by this Court become necessary. *Id. See also State v. Phillips*, 328 N.C. 1, 18, 399 S.E.2d 293, 301 (1991); *Maxwell v. Michael P.*

*Doyle, Inc.*, 164 N.C. App. 319, 329, 595 S.E.2d 759, 765 (2004) (appellate court able to review records defendant sought through discovery after trial court held *in camera* review and then sealed the records for appellate review); *In re Greene*, 152 N.C. App. 410, 420, 568 S.E.2d 634, 640 (2002).

Without the relevant documents, we cannot determine that plaintiffs have been prejudiced as a result of the trial court's ruling. Plaintiffs are asking this Court to speculate about the information the documents might have contained simply because defendants resisted discovery; in essence they ask us to presume prejudice. This Court will not order a new trial based upon conjecture and speculation. It was plaintiffs' duty to properly preserve this question for appellate review. Because plaintiffs' failed to demonstrate prejudice, it is unnecessary for this Court to address the merits of the peer review privilege issue.

NO ERROR AS TO TRIAL.

AS PER PREVIOUS OPINION, AFFIRMED IN PART AND RE-VERSED AND REMANDED IN PART AS TO COSTS ORDERED.

Judge TIMMONS-GOODSON concurs prior to October 31, 2005.

Judge McCULLOUGH concurs.