MARK A. WARD, Plaintiff,
v.
JETT PROPERTIES, LLC, Defendant.
No. COA07-1448
Court of Appeals of North Carolina.
Filed May 6, 2008
This case not for publication
Mark A. Ward, pro se plaintiff-appellant.
Hinshaw & Jacobs, LLP, by Robert D. Hinshaw, for defendant-appellee.
STEELMAN, Judge.
Plaintiff is a tenant in Buckeye Townhouses, residing in unit 21. Defendant, Jett Properties, LLC, owns Buckeye Townhouses. On 20 June 2007, plaintiff filed a complaint alleging a violation of restrictive covenants, conditions and restrictions by defendant's other tenants. On 9 April 2007, plaintiff sent a letter to the tenants in unit 11 asking them to refrain from throwing "footballs, soccer balls, [and] other flying objects" in the area near the parking lot where he parked his car. Plaintiff wrote to the tenants that "you cannot guarantee that it will not end up breaking my glass or damaging my property." Plaintiff's letter also asked the tenants to refrain from riding scooters in the parking lot. Defendant responded by informing plaintiff that he "had no right to send a letter to anyone because plaintiff was just a tenant and owned nothing." Thereafter, plaintiff stated that on 14 April 2007, defendant informed him that "as a tenant, plaintiff had no right to complain about defendant's tenant's threatening prohibited conduct."
Plaintiff further alleged that on 6 May 2007, "a resident of unit number 11 and 10 engaged in the slinging of a football . . . within striking distance of plaintiff's vehicle." On 22 May 2007, plaintiff sent a letter via certified mail notifying defendant of the tenant's activities. Plaintiff stated in the letter that if the conduct continued, he would file suit. According to plaintiff, the conduct continued. Plaintiff alleged that on three occasions after defendant received the 22 May 2007 letter, the tenants in unit 11 "engaged in a ball slinging session beside the complex parking lot."
Plaintiff alleged that the tenant's conduct violated his right to "ingress and egress without defendant's tenants darting out between parked vehicles on metal skooter, a safety hazard and a demonstration of child neglect." Plaintiff asserted that the acts of defendant and its tenants would cause "great and irreparable injury and damage" to plaintiff's property. Accordingly, plaintiff requested that defendant and its tenants be permanently restrained from violating the deed restrictions.
On 29 June 2007, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On 30 July 2007, the court granted defendant's motion to dismiss, stating plaintiff "showed no actual damage and no substantial likelihood of irreparable harm[.]" The court further stated that plaintiff had failed to show that he did not have an "adequate remedy at law[.]" Plaintiff appeals.
In his first argument, plaintiff contends that his complaint sufficiently stated a claim upon which relief could be granted. We disagree.
Plaintiff points to exhibit 1, page 3, ¶ 20, which is the provision of the Buckeye Townhome Declaration that states, "Ownership of each lot shall entitle the owner or owners to . . . the right of ingress and egress in and upon said parking area." According to plaintiff, his right to ingress and egress is being violated by the ball throwing and scooter riding mentioned in his complaint. Plaintiff asserts that he had a right to injunctive relief from the court, emphasizing the potential damage that the other tenants' activities might cause to his vehicle.
After careful review of plaintiff's complaint, we affirm. This Court has stated:
On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.
Block v. County of Person, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000)(internal quotations and citations omitted). Plaintiff's complaint states that the restrictive covenants entitle him to a right of "ingress and egress" of the parking area, that this right is being violated by the defendant's tenants, and that this right is enforceable against defendant. Plaintiff's complaint is insufficient to state a claim upon which relief can be granted. Plaintiff made no allegation that his ingress and egress of the parking area was actually being restricted. Moreover, plaintiff alleged no claim of actual damage or substantial likelihood of irreparable harm. See Vest v. Easley, 145 N.C. App. 70, 76-77, 549 S.E.2d 568, 574 (2001)(citation omitted)( "A plaintiff is entitled to injunctive relief when there is no adequate remedy at law and irreparable harm will result if the injunction is not granted."). This argument is without merit.
Plaintiff further argues that the trial court erred when it failed to make findings of fact it relied upon in granting defendant's motion to dismiss. However, plaintiff failed to preserve this issue for appellate review because he did not make the argument the subject of an assignment of error. See N.C.R. App. P. 10(a), 28(b)(6) (2007). Furthermore, assuming arguendo that the argument was preserved for appeal, it would be wholly without merit. This Court has stated:
a trial court cannot make "findings of fact" conclusive on appeal on a motion to dismiss for failure to state a claim under Rule 12(b)(6). The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. In deciding such a motion the trial court is to treat the allegations of the pleading it challenges as true. "The function of a motion to dismiss is to test the law of a claim, not the facts which support it." Resolution of evidentiary conflicts is thus not within the scope of the Rule.
White v. White, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979)(internal citations omitted). Therefore, the trial court's failure to make findings of fact and conclusions of law would afford plaintiff no relief on appeal.
AFFIRMED.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).