MARK A. WARD, Plaintiff v. JETT PROPERTIES, LLC, Defendant

No. COA08-104

(Filed 5 August 2008)

**1. Pleadings— Rule 11 sanctions—complaint seeking injunction—damages or harm not alleged**

  The trial court did not err by granting Rule 11 sanctions for a pro se complaint seeking an injunction that did not allege damage or irreparable harm. Had plaintiff read the applicable law, he would have concluded that his complaint was not warranted by existing law and was insufficient to state a claim upon which relief could be granted.

**2. Pleadings— Rule 11 sanctions—multiple claims against other tenants—improper purpose**

  The trial court did not err when granting Rule 11 sanctions by concluding that plaintiff's claims were filed for an improper purpose. Plaintiff suffered no actual harm, yet filed complaints against his landlord and other tenants living in his complex. Also indicative of improper purpose are the forty-two actions filed in the last six years, including one alleging identical conduct which was dismissed.

Appeal by plaintiff from an order entered 26 October 2007 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 11 June 2008.

*Mark A. Ward, plaintiff-appellant, pro se.*

*Hinsaw & Jacobs, LLP, by Robert D. Hinshaw, for defendant-appellee.*

HUNTER, Judge.

Mark A. Ward ("plaintiff") appeals from an order granting Jett Properties, LLC's ("defendant") motion for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. After careful review, we affirm.

Plaintiff is a tenant residing in unit 21 of Buckeye Townhouses in Rural Hall, North Carolina. Defendant owns Buckeye Townhouses. In a separate action, initiated on 20 June 2007, plaintiff filed a complaint seeking injunctive relief for the alleged violation of restrictive covenants by defendant's other tenants. Plaintiff alleged "defendant's tenants engaged in a football slinging and kicking session within striking distance of plaintiff's vehicle" and abridged plaintiff's right to ingress and egress[1] by "darting out between parked vehicles on metal skooters[.]"

On 29 June 2007, defendant filed a motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court granted defendant's motion to dismiss on 30 July 2007 as plaintiff's complaint "requested only injunctive relief and showed no actual damage and no substantial likelihood of irreparable harm[.]" Further, plaintiff "failed to show that he did not have an adequate remedy at law[.]" This Court affirmed the trial court's order granting defendant's motion to dismiss in an unpublished opinion. *Ward v. Jett Props., LLC*, 190 N.C. App. 208, —— S.E.2d —— (2008).

On 6 September 2007, defendant filed a motion for sanctions pursuant to Rule 11 contending that plaintiff intended merely to harass defendant and filed the action knowing that it was insufficient as a matter of law. Finding that the "instant lawsuit was filed knowing that the claims were not warranted by existing law and further were filed for an improper purpose," the trial court granted defendant's motion for sanctions on 26 October 2007. The Court also noted that plaintiff has filed at least forty-two actions in the past six years including a previous action alleging conduct identical to the instant case. The court awarded defendant the sum of $2,000.00 for attorney's fees and costs of the action; plaintiff timely filed an appeal on 20 November 2007.

Plaintiff contends that the trial court erred in granting defendant's motion for sanctions pursuant to Rule 11. The trial court's order

---

1. Plaintiff cites an article of the Buckeye Townhouses Declaration providing the right of "ingress and egress" upon said parking area.

granting defendant's motion for sanctions "is reviewable *de novo* as a legal issue." *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). On appeal, the Court must determine "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.* The appropriateness of the sanction imposed, however, is reviewed under an abuse of discretion standard. *Id.*

In pertinent part, Rule 11 provides:

A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007). It is well established " '[t]here are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. . . . A violation of any one of these requirements mandates the imposition of sanctions under Rule 11.' " *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002) (citation omitted).

In the instant case, the trial court granted defendant's motion for sanctions finding that "the instant lawsuit was filed knowing that the claims were not warranted by existing law and further were filed for an improper purpose, that is harassment of the Defendant and it's [*sic*] tenants[.]" As there is no issue as to the factual sufficiency of plaintiff's complaint, we begin by discussing legal sufficiency.

## I. Legal Sufficiency

[1] Asserting that his complaint was based on extensive inquiry into the law and set forth a facially plausible legal theory, plaintiff contends that the trial court erred in granting defendant's motion for sanctions. We disagree.

This court has held a two-step analysis is required when examining the legal sufficiency of a claim subject to Rule 11 inquiry. Initially,

the court must determine the facial plausibility of the paper. "If the paper is facially plausible, then the inquiry is complete, and sanctions are not proper." *Mack v. Moore*, 107 N.C. App. 87, 91, 418 S.E.2d 685, 688 (1992). If the paper is not facially plausible, the second issue is whether, based on a reasonable inquiry into the law, the alleged offender "formed a reasonable belief that the paper was warranted by existing law, judged as of the time the paper was signed." *Id.* Rule 11 sanctions are appropriate where the offending party either failed to conduct reasonable inquiry into the law or did not reasonably believe that the paper was warranted by existing law. *Id.*

In the instant case, plaintiff's claim was not facially plausible as it was dismissed pursuant to Rule 12(b)(6) at trial. The dismissal was subsequently affirmed by our court as plaintiff "alleged no claim of actual damage or substantial likelihood of irreparable harm" and, consequently, did not state a claim upon which relief could be granted. *Ward*, 190 N.C. App. at ——, —— S.E.2d at —— (slip op. 4). Though "the mere fact that a cause of action is dismissed upon a Rule 12(b)(6) motion does not automatically entitle the moving party to have sanctions imposed[,]" *Harris v. Daimler Chrysler Corp.*, 180 N.C. App. 551, 561, 638 S.E.2d 260, 268 (2006), it is often indicative that sanctions are proper.

Plaintiff argues that he conducted a reasonable inquiry into existing law and, further, that the standard for a pro se litigant should be relaxed to account for the absence of a legal education. Supporting his claim of conducting reasonable inquiry, plaintiff asserts that he consulted a licensed attorney regarding the legal sufficiency of his complaint. Though the trial court made no findings regarding plaintiff's inquiry into the law, it concluded that plaintiff's claims had absolutely no basis in law as plaintiff alleged no claim of actual damage or substantial likelihood of irreparable harm. Thus, assuming a reasonable inquiry, the dispositive question is whether a reasonable person in plaintiff's position (i.e., a pro se plaintiff), after having read and studied the applicable law, would have concluded the complaint was warranted by existing law. *Mack*, 107 N.C. App. at 92, 418 S.E.2d at 688. In the present case, had plaintiff read the applicable law he would have concluded that his complaint was not warranted by existing law and was insufficient to state a claim upon which relief can be granted. *See Vest v. Easley*, 145 N.C. App. 70, 76, 549 S.E.2d 568, 574 (2001) ("[a] plaintiff is entitled to injunctive relief when there is no adequate remedy at law and irreparable harm will result if the injunction is not granted").

**WARD v. JETT PROPERTIES, LLC**

[191 N.C. App. 605 (2008)]

## II. Improper Purpose

**[2]** Granting defendant's motion for sanctions, the trial court concluded plaintiff's claims "were filed for an improper purpose, that is harassment of the Defendant and it's [*sic*] tenants." Plaintiff asserts that the instant complaint is valid and meritorious and does not constitute harassment. We disagree.

Our Courts have held that "even if a paper is well grounded in fact and law, it may still violate Rule 11 if it is served or filed for an improper purpose." *Brooks v. Giesey*, 334 N.C. 303, 315, 432 S.E.2d 339, 345-46 (1993). Defined as any purpose other than one to vindicate rights or to put claims to a proper test, " 'an improper purpose may be inferred from the alleged offender's objective behavior.' " *Kohler Co. v. McIvor*, 177 N.C. App. 396, 404, 628 S.E.2d 817, 824 (2006) (citation omitted). Accordingly, "[u]nder Rule 11, an objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose." *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689.

The movant's subjective belief that a paper has been filed for an improper purpose as well as whether the offending conduct did, in fact, harass movant is immaterial to the issue of whether the alleged offender's conduct is sanctionable. *Id.* Improper purpose may, however, be inferred from the service or filing of excessive, successive, or repetitive papers or from " 'continuing to press an obviously meritless claim after being specifically advised of its meritlessness by a judge or magistrate.' " *Id.* (citation omitted).

In the present case there exists a strong inference of an improper purpose by plaintiff. Plaintiff has suffered no actual harm, yet has filed complaints arising from the instant facts against both his landlord and other tenants living in his complex. Also indicative of plaintiff's improper purpose are the forty-two actions he has filed in the last six years, one of which alleged the identical conduct complained of in the present case and was dismissed.

As plaintiff's complaints in the instant action were not warranted by existing law and were filed with an improper purpose, we affirm the trial court's order granting defendant's motion for sanctions.

Affirmed.

Judges TYSON and JACKSON concur.