DOUGLAS DALE JOHNS, Plaintiff v. JANICE MARIE JOHNS, Defendant

JESSICA JOHNS, Plaintiff v. DOUGLAS DALE JOHNS, Defendant

No. COA07-1259

(Filed 3 February 2009)

### 1. Pleadings— Rule 11 sanctions—necessity of evidentiary hearing

There was no abuse of discretion in a trial court's refusal to defer hearing a Rule 11 motion to allow the presentation of oral testimony or additional exhibits. An evidentiary hearing with live testimony is not required in all Rule 11 proceedings, and the law firm subject to sanctions in this case did not indicate at trial or on appeal the new evidence it needed to present to fully address the Rule 11 issues.

### 2. Pleadings— Rule 11 sanctions—legal sufficiency of pleadings—attorney's subjective belief—not sufficient

A law firm subjected to Rule 11 sanctions did not demonstrate that the trial court erred by concluding that an Amended Objection to a Guardian Ad Litem failed the legal sufficiency prong of Rule 11. The law firm subjected to sanctions (Rice Law) asserted that it had made a reasonable inquiry into the legal sufficiency of its motion, but cited no authority suggesting that its client had standing to object to the Guardian Ad Litem or that Rice Law could have reasonably believed that such a contention was warranted by existing law or a good faith argument from existing law. Whether the attorney who signed the motion "gleaned a belief" that the paper was legally sufficient goes to her subjective belief and does not address whether that belief was objectively reasonable.

**3. Pleadings— Rule 11 sanctions—supporting documents— disparaging and irrelevant comments**

A law firm subject to Rule 11 sanctions (Rice Law) did not show that the trial court erred in finding that its memorandum of law filed in support of an Amended Objection to a Guardian Ad Litem in a domestic action was filled with unverified, disparaging and irrelevant comments. The mere existence of facts derogatory to the opposing party does not warrant their submission to the trial court without a showing that the facts are relevant to the issues before the court, and it is apparent from the face of the documents and supporting memorandum that the client did not have personal knowledge of much of the information that he was purporting to verify.

**4. Pleadings— Rule 11 sanctions—improper purpose—dis- paraging comments—lack of standing—advantage in other aspects of dispute**

The trial court's findings in a Rule 11 sanctions proceed- ing against a law firm (Rice Law) supported its conclusion of an improper purpose in filing an Amended Objection to a Guardian Ad Litem. Given findings that disparaging allega- tions were unverified and irrelevant, together with the unchal- lenged determination that the Rice Law's client lacked stand- ing, the trial court could reasonably conclude that Rice Law's purpose was to gain an advantage in other aspects of the dispute and not to vindicate any rights of the client in connection with the GAL appointment.

**5. Pleadings— Rule 11 sanctions—improper purpose—delay**

The trial court properly concluded that filing a motion to remove counsel and an Amended Objection to a Guardian Ad Litem was intended to cause unnecessary delay and violated the improper purpose prong of Rule 11.

**6. Pleadings— Rule 11 sanctions—dismissal of motions— standing**

A law firm subjected to Rule 11 sanctions lacked standing in its appeal from those sanctions to challenge the dismissal of motions it had filed for the client. Neither a law firm nor an individual attorney is a party to an action brought on behalf of a client.

Judge WYNN concurring.

**JOHNS v. JOHNS**

[195 N.C. App. 201 (2009)]

Appeal by Rice Law, PLLC from order entered 20 April 2007 by Judge Phyllis M. Gorham in New Hanover County District Court. Heard in the Court of Appeals 13 May 2008.

*Lisa Skinner Lefler for Rice Law, PLLC, appellant.*

*No brief filed on behalf of Douglas Dale Johns.*

*No brief filed on behalf of Janice Marie Johns, appellee.*

*No brief filed on behalf of Jessica Johns, appellee.*

GEER, Judge.

Rice Law, PLLC appeals from the trial court's order imposing sanctions on the law firm under Rule 11 of the Rules of Civil Procedure. Although Rice Law contends that the trial court erred in entering a Rule 11 order without conducting an evidentiary hearing, the record reveals that the trial court considered documentary evidence. Whether to allow oral testimony or the presentation of further documentary evidence was a question that lay within the discretion of the trial court. Since Rice Law has failed to demonstrate that the trial court abused its discretion in this case and has failed to demonstrate that the trial court erred in concluding that Rice Law violated Rule 11, we affirm the trial court's order.

### Facts

Rice Law represented Douglas Dale Johns in connection with proceedings arising out of his divorce from Janice Marie Johns. Mr. Johns and Ms. Johns were married on 12 June 1999, separated on 5 November 2005, and ultimately divorced in February 2007. They have one child, but Ms. Johns also has another daughter, Jessica Johns, from a prior marriage. During their separation, Ms. Johns filed a complaint and a motion for a domestic violence protective order ("DVPO") against Mr. Johns on 8 February 2006. Two days later, on 10 February 2006, Mr. Johns filed an action seeking custody of their child. On 17 March 2006, Mr. and Ms. Johns filed a stipulated dismissal of the DVPO action with prejudice and a consent order providing for temporary custody of their child and restraining Mr. Johns from approaching Ms. Johns or Jessica Johns.

On 30 March 2006, Ms. Johns filed an answer to Mr. Johns' complaint for custody and asserted counterclaims seeking permanent custody of their child, child support, post-separation support, alimony, equitable distribution, and attorney's fees. Mr. Johns filed a reply on 6 June 2006.

On 6 October 2006, Jessica Johns filed a complaint and motion for a DVPO against Mr. Johns, alleging that he had violated the agreed-upon restraining order. Because Jessica Johns was 17 at the time, her mother, Ms. Johns, was appointed as her guardian ad litem ("GAL") by the clerk of court. On 12 October 2006, Mr. Johns filed a motion to dismiss Jessica Johns' action pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, an answer, a document entitled "Objection to Appointment of Guardian Ad Litem Janice Marie Johns and Motion to Dismiss Plaintiff's Complaint and Motion for Domestic Violence Protective Order" (hereafter "Objection to GAL"), and a motion for Rule 11 sanctions.

The trial court conducted a hearing on 13 October 2006 on Mr. Johns' motion to dismiss. The court orally allowed Jessica Johns' oral motion to amend her complaint and denied Mr. Johns' motion. The written order reflecting those rulings was entered on 19 October 2006. On 16 October 2006, before entry of the order and prior to Jessica Johns' filing her amended complaint, Mr. Johns filed a motion to strike any amended or supplemental complaint as being "untimely" filed. The next day, 17 October 2006, Jessica Johns filed her amended complaint, as well as a motion for Rule 11 sanctions against Mr. Johns and Rice Law.

On 2 November 2006, Mr. Johns filed an "Amended Objection to Appointment of Guardian Ad Litem Janice Marie Johns and Motion to Dismiss Plaintiff's Complaint and Motion for Domestic Violence Protective Order" (hereafter "Amended Objection to GAL"). Accompanying the Amended Objection to GAL was a "Memorandum of Law in Support of Defendant's Objection to Appointment of Guardian Ad Litem Janice Marie Johns" (hereafter "Memorandum of Law").

On 8 November 2006, Mr. Johns moved to amend the trial court's 19 October 2006 order, again arguing that the amended complaint was untimely filed. On 18 December 2006, Mr. Johns also filed an answer to the amended complaint. The trial court entered an amended order consolidating Mr. Johns' and Jessica Johns' actions on 8 February 2007.

On 16 March 2007, Mr. Johns filed a "Motion to Consider Potential Conflicts of Interest Arising from Dual Representation of Plaintiff and GAL and If Found, to Remove Counsel of Record," requesting that the trial court remove Linda B. Sayed as counsel for both Ms. Johns and Jessica Johns. In this motion, Mr. Johns repeated various allegations contained in the Objection to GAL and Amended Objection to GAL,

added new allegations, and contended that if the GAL appointment was found improper, Linda B. Sayed, who had been both Ms. Johns' counsel and counsel in Jessica Johns' action, should be removed as counsel for both Jessica Johns and Ms. Johns "in all pending matters before the New Hanover County District Court." On 23 March 2007, Jessica Johns filed a motion to strike, dismiss, or deny the motion to remove Ms. Sayed and a motion for Rule 11 sanctions on the ground that Mr. Johns' motion was filed for an improper purpose.

On 26 March 2007, during a pre-trial conference, the parties agreed to convert the terms of the temporary custody order into a permanent custody order in exchange for Jessica Johns' dismissing her action for a DVPO against Mr. Johns. Rice Law contends that it was directed by the trial court to release the witnesses that were subpoenaed to testify at the hearing on Jessica Johns' action for a DVPO.

Despite the agreement to dismiss the DVPO action, Jessica Johns, through Ms. Johns as her GAL, refused to withdraw her motion for sanctions against Mr. Johns, and Mr. Johns refused to withdraw his pending motions and objections to Ms. Johns' serving as Jessica Johns' GAL. The trial court held a hearing the next day to rule on all outstanding issues, including: (1) Mr. Johns' motion to modify child and spousal support, (2) his motion to strike Jessica Johns' DVPO amended complaint, (3) his motion to amend the 19 October 2006 order, (4) his Amended Objection to GAL, (5) his motion to consider potential conflicts of interest, (6) his motion for Rule 11 sanctions, and (7) Jessica Johns' motion for Rule 11 sanctions.

The trial court first heard the motion to modify child and spousal support and related motions to hold Mr. Johns in contempt. During that hearing, both Mr. Johns and Ms. Johns called witnesses to testify in support of their positions. The trial court granted Mr. Johns' motion to reduce child support, found that Mr. Johns was in willful contempt for failure to pay post-separation support and attorneys' fees, and denied Mr. Johns' motion to reduce post-separation support.

After the trial court ruled on the motions related to support, the court indicated that it would consider the remaining motions. Counsel from Rice Law stated that he objected to the trial court's hearing any of those motions that day since Mr. Johns' witnesses had been released, and the motions required the presentation of evidence. The trial court overruled the objection and subsequently dismissed or denied all of Mr. Johns' motions and objections. With respect to Jessica Johns' motion for Rule 11 sanctions, the trial court heard oral

argument, orally granted that motion, and imposed Rule 11 sanctions against Rice Law.

The trial court entered an order on 20 April 2007 setting out its rulings on Mr. Johns' motions and Jessica Johns' motion for Rule 11 sanctions. With respect to the Rule 11 motion, the trial court concluded that "[t]he Amended Objection to GAL is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Further, according to the order, "[t]he Amended Objection to GAL and supporting Memorandum of Law were filed for an improper purpose, that is, to harass and humiliate Janice Marie Johns, to cause unnecessary delay in this matter, and to needlessly increase the cost of litigation." The trial court found that Jessica Johns and her mother, as GAL, had jointly incurred $4,000.00 to $5,000.00 in attorneys' fees. The court then imposed a sanction of $1,000.00 on Rice Law. Rice Law timely appealed the imposition of sanctions to this Court.[1]

## Discussion

**[1]** "[U]nder Rule 11, the signer certifies that three distinct things are true: the pleading is (1) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law (legal sufficiency); (2) well grounded in fact; and (3) not interposed for any improper purpose." *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 322, 438 S.E.2d 471, 476 (1994). A violation of any one of these requirements "mandates the imposition of sanctions under Rule 11." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994).

In this case, the trial court imposed sanctions based on its determination that Rice Law's Amended Objection to GAL and accompanying Memorandum of Law were not well-grounded in law and were filed for an improper purpose. When reviewing the decision of a trial court to impose sanctions under Rule 11, an appellate court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment. *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). The appropriateness of the sanction imposed is reviewed under an abuse of discretion stand-

---

1. Although the notice of appeal filed in this case was on behalf of both Rice Law and Mr. Johns, Mr. Johns has proceeded with a separate appeal (COA07-1411) and, therefore, this opinion addresses only the issues relating to Rice Law's appeal.

ard. *Ward v. Jett Properties, LLC*, 191 N.C. App. 605, 607, 663 S.E.2d 862, 864 (2008).

As an initial matter, Rice Law contends that prior to imposing Rule 11 sanctions, the trial court was required to conduct an evidentiary hearing. It is well established that due process requires that a party subject to sanctions under Rule 11 must be given timely notice of the bases for the sanctions and an opportunity to be heard prior to the imposition of sanctions. *See Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 438 (1998) (" 'Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution.' " (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994))). The question remains whether "the opportunity to be heard" necessarily requires an evidentiary hearing.

Rice Law cites *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 568 S.E.2d 305 (2002), in support of the law firm's contention that "the trial court must take evidence during the hearing on sanctions for the order to be upheld." Because the trial court in *Static Control* conducted an evidentiary hearing, nothing in this Court's opinion discusses whether such a hearing is always required. In reciting the standard of review, this Court noted, as we have above, that the standard of review requires this Court to determine whether the trial court's findings of fact are supported by evidence, *id.* at 603, 568 S.E.2d at 308, but that requirement does not necessarily mean that a trial court must conduct a hearing involving live testimony. *See* N.C.R. Civ. P. 43(e) ("When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."); *cf. Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217 ("If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits."), *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). *Static Control* cannot be read, therefore, as requiring an evidentiary hearing with live testimony in all Rule 11 proceedings.

This Court specifically addressed the issue in *Taylor v. Taylor Prods., Inc.*, 105 N.C. App. 620, 414 S.E.2d 568 (1992), *overruled on other grounds by Brooks v. Giesey*, 334 N.C. 303, 432 S.E.2d 339

(1993). The Court noted that, in some cases, circumstances would require an evidentiary hearing and cited *In re Kunstler*, 914 F.2d 505, 521 (4th Cir. 1990), *cert. denied sub nom. Kunstler v. Britt*, 499 U.S. 969, 113 L. Ed. 2d 669, 111 S. Ct. 1607 (1991), as holding that an "evidentiary hearing [is] required when necessary to resolve issues of fact or issues of credibility prior to determining whether sanctions should be imposed[.]" *Taylor*, 105 N.C. App. at 629, 414 S.E.2d at 575. The Court then acknowledged that such a hearing could, as provided by N.C.R. Civ. P. 43(e), be conducted based on affidavits. *Id.* According to *Taylor*, a trial court is "required" to give the non-moving party "an opportunity to present evidence," *id.* at 630, 414 S.E.2d at 575, but whether that evidence includes oral testimony or depositions is "in the discretion of the court." *Id.* at 629, 414 S.E.2d at 575.

In this case, the trial court did not base its Rule 11 decision only on the arguments of counsel, but rather, as its order states, "considered the verified Amended Objection to GAL, the Memorandum of Law (both of which are signed by Raven Rassette on behalf of Rice Law, PLLC), the documents in the court files, and arguments of counsel." The order was "[b]ased *on the evidence* and legal argument . . . ." (Emphasis added.) The precise issue before this Court is not, therefore, whether the trial court should have conducted an evidentiary hearing, but rather whether the trial court abused its discretion in not allowing Mr. Johns and Rice Law to present oral testimony and additional exhibits.

Rice Law did not, however, indicate at trial and has not addressed on appeal what evidence—apart from the documentation already filed—it needed to present in order to fully address the Rule 11 issues. Indeed, although Rice Law has pointed to the unidentified witnesses that it released from subpoena the day before the hearing, the only information provided by Rice Law regarding the nature of the witnesses' testimony is that they were intended to testify in connection with the DVPO action. Presumably, therefore, the witnesses would have testified about facts relevant to whether Mr. Johns violated the consent DVPO.

While perhaps those witnesses might have been relevant to whether the filings had a factual basis, the trial court did not conclude that the filings violated Rule 11's factual sufficiency prong. Without any showing at trial or on appeal as to how those released witnesses would be relevant to the legal sufficiency and improper purpose prongs or what additional witnesses and exhibits were necessary, we cannot conclude that the trial court abused its discretion

in deciding not to defer hearing the Rule 11 motion in order to allow the presentation of oral testimony or other evidence.

[2] Rice Law next challenges the trial court's conclusion that the Amended Objection to GAL "is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." This conclusion was based on the trial court's determination that "[Mr. Johns] has no standing to contest the appointment of Janice Marie Johns as the Guardian ad Litem for her 17 year-old daughter, Jessica Johns, particularly in light of the fact that Jessica and Janice Marie Johns moved out of Mr. Johns['] residence in November 2005, and he and Janice Marie Johns are divorced. Mr. Johns does not stand *in loco parentis* for the minor child."

"[A] two-step analysis is required when examining the legal sufficiency of a claim subject to Rule 11 inquiry." *Ward*, 191 N.C. App. at 607-08, 663 S.E.2d at 864. The first step is "determin[ing] the facial plausibility of the paper. 'If the paper is facially plausible, then the inquiry is complete, and sanctions are not proper.'" *Id.* at 608, 663 S.E.2d at 864 (quoting *Mack v. Moore*, 107 N.C. App. 87, 91, 418 S.E.2d 685, 688 (1992)). If, however, the paper is not facially plausible, "the second issue is whether, based on a reasonable inquiry into the law, the alleged offender 'formed a reasonable belief that the paper was warranted by existing law, judged as of the time the paper was signed.'" *Id.* (quoting *Mack*, 107 N.C. App. at 91, 418 S.E.2d at 688). In other words, "Rule 11 sanctions are appropriate where the offending party either failed to conduct reasonable inquiry into the law or did not reasonably believe that the paper was warranted by existing law." *Id.*

Rice Law's entire argument regarding the legal sufficiency of its Amended Objection to GAL consists of one paragraph in which it states:

> The trial court's imposition of sanctions must fail on this prong of the test as well. Rice Law undertook to explain the motions filed, not only in the body of the motions, but by submitting research memoranda as well. From this research, Rice Law gleaned a belief that any reasonable inquirer would believe that the motions and pleadings filed were based on existing law or the modification of the law as it existed at the time the pleadings were filed.

In this brief argument, Rice Law asserts that it made a "reasonable inquiry," but it has, nonetheless, cited no authority at all on appeal

suggesting that Mr. Johns had standing or that Rice Law could have reasonably believed that such a contention was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

Whether the attorney who signed the Amended Objection to GAL on behalf of Rice Law "gleaned a belief" that the paper was legally sufficient goes to her subjective belief and does not address whether that belief was objectively reasonable. *See id.* at 608, 663 S.E.2d at 865 ("[A]ssuming a reasonable inquiry, the dispositive question is whether a reasonable person in plaintiff's position . . . after having read and studied the applicable law, would have concluded the [paper] was warranted by existing law."). Rice Law has, therefore, failed to demonstrate that the trial court erred in concluding that its Amended Objection to GAL failed the legal sufficiency prong of Rule 11.

[3] Turning to the improper purpose prong, the trial court found with respect to the Amended Objection to GAL that there is a presumption that acts done by the clerk of court—which would include appointment of a GAL—"are proper acts taken within the bounds of the law" and that Mr. Johns "failed to present any evidence to rebut this presumption." The trial court specifically found that the Memorandum of Law filed in support of the Amended Objection to GAL "is filled with unverified, irrelevant and disparaging comments about the personal history and character of Janice Marie Johns and [Jessica Johns]." After determining in addition that Mr. Johns lacked standing to contest the appointment of Ms. Johns as GAL and that the Amended Objection to GAL failed the legal sufficiency prong of Rule 11, the trial court then concluded that "[t]he Amended Objection to GAL and supporting Memorandum of Law were filed for an improper purpose, that is, to harass and humiliate Janice Marie Johns, to cause unnecessary delay in this matter, and to needlessly increase the cost of litigation."

Rice Law does not specifically address the bases for the trial court's finding of improper purpose, but rather argues that it "had the obligation to their client to use the facts and their research to advocate his position. Some of the allegations made are unsavory, but a lawyer must take the facts as he finds them." According to the trial transcript and the brief on appeal, Rice Law believes that their filings cannot be for an improper purpose if they were "for the purpose of litigating Douglas's claims in high-conflict litigation."

It is well established that "[a]n improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (quoting *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689). This test does not mean, however, that any action to gain an advantage for one's client in a litigation has a permissible purpose. As the First Circuit stressed in *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 61 (1st Cir. 2008), "[t]here is a line between zealous representation and abuse of the processes of litigation. Lawyers who overstep it do so at their peril."

The mere existence of facts derogatory to the opposing party does not warrant their submission to the trial court without a showing that the facts are relevant to the issues before the court. Yet, Rice Law has not specifically addressed how the derogatory comments about Ms. Johns and Jessica Johns, including an extensive discussion of Ms. Johns' prior marital history and issues with prior husbands, were relevant in light of the controlling law regarding the appointment of guardians ad litem. In fact, Rice Law never mentions the relevant law regarding guardians ad litem at any place in its brief. We cannot, therefore, conclude that the trial court erred in determining that Rice Law included information in its filings that was irrelevant to the pending objection.[2]

With respect to the trial court's determination that Mr. Johns, when pursuing his Amended Objection to GAL, failed to present evidence to rebut the presumption that the clerk of court acted within the bounds of law when appointing the GAL, the record indicates that Rice Law did not attach any affidavits or other written evidence to support the disparaging allegations in the objections. The only evidence presented by Mr. Johns in support of his Amended Objection to GAL was his verifications of the initial Objection to GAL and the Amended Objection. It is, however, apparent from the face of those documents and the supporting Memorandum of Law that Mr. Johns did not have personal knowledge of much of the information that he was purporting to verify. *See Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) ("A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively

---

2. Nothing in this opinion is intended to hold that the type of information presented by Mr. Johns, if in admissible form, would never be relevant with respect to the appointment of a GAL. We simply hold that Rice Law has failed to demonstrate, for this case, the relevance of the information.

that the affiant is competent to testify to the matters stated therein."); N.C.R. Civ. P. 11(b) (providing that a verification "shall state in substance that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true"); N.C.R. Civ. P. 56(e) (providing that affidavits filed in connection with motion for summary judgment "shall be made on personal knowledge"). Moreover, the Memorandum of Law contains additional unsubstantiated statements not also included in the objections. Accordingly, Rice Law has not shown that the trial court erred in finding that the Memorandum of Law was filled with unverified and irrelevant disparaging comments.

[4] Thus, we conclude that the trial court's findings related to the improper purpose are supported by the record. The question remains whether those findings in turn support the trial court's conclusion that Rice Law violated Rule 11's improper purpose prong.

"Under Rule 11, an objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose." *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689. Because an objective standard is employed, " 'an improper purpose may be inferred from the alleged offender's objective behavior.' " *Ward*, 191 N.C. App. at 609, 663 S.E.2d at 865 (quoting *Kohler Co. v. McIvor*, 177 N.C. App. 396, 404, 628 S.E.2d 817, 824 (2006)). In assessing that behavior, we look at "the totality of the circumstances." *Mack*, 107 N.C. App. at 94, 418 S.E.2d at 689.

Here, given the findings of fact that the disparaging allegations were unverified and irrelevant, together with the unchallenged determination by the trial court that Mr. Johns had no standing to file his objections, the trial court could reasonably conclude that Rice Law's purpose was to gain an advantage in other aspects of the dispute between Mr. Johns and Ms. Johns and not to vindicate any rights of Mr. Johns in connection with Ms. Johns' GAL appointment. Indeed, the trial court found and Rice Law does not dispute that Mr. Johns had no rights with regard to the appointment of Jessica Johns' GAL. These circumstances—Rice Law's objective behavior—warrant a determination that the Amended Objection to GAL and supporting Memorandum of Law were filed for the improper purpose of harassing and humiliating Ms. Johns. *See Polygenex Int'l, Inc. v. Polyzen, Inc.*, 133 N.C. App. 245, 253, 515 S.E.2d 457, 463 (1999) ("Since the complaint was facially implausible, not well-grounded in fact and not

warranted by existing law, we conclude that the trial court properly inferred here that the complaint was interposed for the improper purpose of harassing defendants."); *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689 (holding that improper purpose could be inferred from attorney's filing of lien with no legal basis after attorney had withdrawn from client's representation out of anger with client).

[5] With respect to the trial court's further determination that the filings were intended "to cause unnecessary delay in this matter, and to needlessly increase the cost of litigation," we note that Rice Law also filed, as the trial court found, a "Motion to Consider Potential Conflicts of Interest Arising from Dual Representation of Plaintiff and GAL And If Found, to Remove Counsel of Record"—a motion directly arising out of the Amended Objection to GAL. The granting of this motion—seeking removal of Ms. Johns' attorney from all proceedings and not just with respect to the action involving the GAL—would unquestionably have delayed the proceedings and increased the cost of litigation by requiring Ms. Johns and her daughter to obtain new counsel. This additional filing supports the trial court's finding that the purpose of the Amended Objection to GAL was to delay the proceedings and increase the cost of litigation.

Rice Law, however, further argues that the sanctions award was in error because Mr. Johns himself should have been awarded sanctions based on Ms. Johns' proceeding improperly in pursuing the DVPO on behalf of Jessica Johns. That argument is, however, beside the point since it does not address the issue whether Rice Law had an improper purpose in filing the Amended Objection to GAL and the supporting Memorandum of Law. The time-honored phrase that "two wrongs don't make a right" illustrates the fallacy of Rice Law's logic.

Therefore, we hold that the trial court properly concluded, based upon an objective test, that the filing of the Amended Objection to GAL and supporting Memorandum of Law violated the improper purpose prong of Rule 11. Accordingly, the trial court did not err in concluding that Rice Law was subject to Rule 11 sanctions.

The final step in reviewing the imposition of Rule 11 sanctions requires this Court to consider, under an abuse of discretion standard, the appropriateness of the sanction actually imposed. *Turner*, 325 N.C. at 165, 381 S.E.2d at 714. Since Rice Law has not argued that the trial court abused its discretion when it sanctioned Rice Law in the amount of $1,000.00, we need not specifically address that issue,

and we affirm the trial court's order requiring Rice Law to pay $1,000.00 in attorneys' fees as a Rule 11 sanction.

**[6]** In its final argument on appeal, Rice Law contends that the trial court erred in dismissing several motions it filed on behalf of Mr. Johns. In its 20 April 2007 order, the trial court "summarily dismissed" Mr. Johns' (1) Motion for Sanctions; (2) Motion to Strike Amended Complaint; (3) Motion to Consider Conflicts of Interest; and (4) Amended Objection to GAL. Rice Law contends that the trial court should have held a hearing to consider evidence regarding these motions prior to dismissing them.

"Clearly, North Carolina law does not permit the taking of an appeal by one who is not a party to the action." *Seeley v. Seeley*, 102 N.C. App. 572, 573, 402 S.E.2d 870, 871 (1991) (addressing appeal by attorney of order reducing amount of attorneys' fees awarded). Neither a law firm nor an individual attorney is a party to an action brought on behalf of a client. *Id.* at 572, 402 S.E.2d at 871. Thus, Rice Law lacks standing to challenge the dismissal of Mr. Johns' motions in its appeal from the Rule 11 sanctions.

Affirmed.

Judge CALABRIA concurs.

Judge WYNN concurs with a separate opinion.

WYNN, Judge, concurring.

I agree that the trial court properly determined that Mr. John's Amended Objection to GAL was not warranted by existing law or good faith argument for the extension, modification, or reversal of existing law. Since only one ground is needed to support a Rule 11 sanction, we need not further determine if the Amended Objection to GAL was filed for an improper purpose. *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994).

I further emphasize that in determining whether the trial court abused its discretion by refusing to hear testimony from Mr. Johns' witnesses, it is significant that Mr. Johns and Rice Law did not proffer their evidence to either the trial court or this court. Without a proffer of the evidence that would have been presented, nothing in the record shows that the trial court abused its discretion in this

matter. *See Miller v. Forsyth Mem. Hosp., Inc.*, 174 N.C. App. 619, 621, 625 S.E.2d, 115, 166 (2005) ("Our Supreme Court has stated that for a party to preserve the issue of the exclusion of evidence or testimony for appellate review, its importance must be made to appear in the record and a specific offer of proof is required, unless the significance of the evidence is discernable from the record.")