JOSEPH M. WILLIAMS, Plaintiff,
v.
RICHARD D. KANE, M.D., Defendant.
No. COA08-1369.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Joseph M. Williams, pro se plaintiff-appellant.
Walker, Allen, Grice, Ammons & Foy, L.L.P., by Amanda M. Wells, for defendant-appellee.
BRYANT, Judge.
Joseph M. Williams (plaintiff) appeals from an order entered 14 March 2008 dismissing plaintiff's action with prejudice. Plaintiff also appeals from orders entered 11 June 2008 denying his motions for new trial or to alter or amend judgment and motions for directed verdict and judgment notwithstanding the verdict; granting defendant's motions to quash subpoenas; granting defendant's motion for attorney's fees and related costs; and denying plaintiff's motion for recusal.

Facts
On 5 May 2003, plaintiff filed a pro se medical malpractice action in Durham County. Plaintiff sought the assistance of Dr.Richard Kane (defendant) to review medical documents on his behalf and determine whether a standard of care had been violated. Defendant reviewed the documents but did not reach a determinative conclusion as to whether a standard of care was actually violated. Plaintiff filed a voluntary dismissal without prejudice on 11 February 2004. Plaintiff re-filed the medical malpractice action on 9 February 2005. After re-filing the action, plaintiff requested that defendant verify responses to Rule 9(j) interrogatories. Defendant refused to verify the responses to interrogatories unless plaintiff was represented by counsel. Plaintiff's complaint was subsequently dismissed for failure to comply with Rule 9(j).
Plaintiff thereafter filed a complaint against defendant. On 5 October 2006, the trial court entered an order upon defendant's Motion for Prosecution Bond and ordered plaintiff to pay to the Wake County Clerk of Superior Court the sum of $200.00. Due to plaintiff's failure to pay the bond, defendant filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1-109. On 17 November 2006, prior to the hearing on defendant's motion to dismiss, plaintiff entered a voluntary dismissal without prejudice. Plaintiff re-filed this action on 15 November 2007. On 28 December 2007, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and an alternative Motion for Prosecution Bond. The trial court entered an order 14 March 2008 granting defendant's motion to dismiss. In response, on 15 March 2008 plaintiff filed a motion for new trial or to alter or amend the judgment; motion for directed verdict or judgment notwithstanding the verdict; and motion for recusal. Defendant filed a motion for sanctions on 8 April 2008. On 17 April 2008, defendant filed an objection to plaintiff's subpoenas filed 14 April 2008 and a motion to quash the subpoenas. On 11 June 2008, the trial court entered separate orders addressing each of the parties' motions. The trial court denied plaintiff's motion for new trial or to alter or amend judgment and plaintiff's motion for directed verdict or judgment not withstanding the verdict. The trial court granted defendant's motion to quash plaintiff's subpoenas, granted defendant's motion for attorney's fees, and denied plaintiff's motion for recusal. Plaintiff appeals.
On appeal, plaintiff argues the trial court erred by: (I) granting defendant's motion to dismiss; (II) denying plaintiff's motion for new trial; (III) granting defendant's motion to quash; and (IV) granting defendant's motion for attorney's fees.

I
Plaintiff argues the trial court erred by granting defendant's motion to dismiss. Specifically, plaintiff argues the trial court lacked jurisdiction to dismiss the present action because plaintiff had taken a voluntary dismissal of the case in which the defect occurred. We disagree.
Pursuant to N.C. Gen. Stat. § 1-109: At any time after the issuance of summons, the clerk or judge, upon motion of the defendant, may, upon a showing of good cause, require the plaintiff to do one of the following things and the failure to comply with such order within 30 days from the date thereof shall constitute grounds for dismissal of such civil action or special proceeding:
. . .
(2) Deposit two hundred dollars ($200.00) with him as security to the defendant for these costs, in which event the clerk must give to the plaintiff and defendant all costs which the latter recovers of him in the action.
. . .
N.C.G.S. § 1-109 (2007).
In the present case, plaintiff was ordered on 5 October 2006 to deposit a prosecution bond in the amount of $200.00 with the Wake County Clerk of Superior Court within thirty days. Plaintiff failed to do so. Defendant filed a motion to dismiss on the basis of plaintiff's failure to comply with N.C.G.S. § 1-109. Prior to the hearing on the motion to dismiss, plaintiff filed a voluntary dismissal without prejudice, which plaintiff contends allowed him to take advantage of the "savings provision" of Rule 41. We disagree with plaintiff's contentions and hold the trial court had jurisdiction to dismiss plaintiff's action for failure to comply with the order to pay the prosecution bond.
"[T]he filing of notice of dismissal, while it may terminate adversary proceedings in the case, does not terminate the court's authority to enter orders apportioning and taxing costs pursuant to Rule 41." Sealey v. Grine, 115 N.C. App. 343, 347, 444 S.E.2d 632, 635 (1994) (internal quotation omitted). "[W]here the parties chose to reinstitute the suit and the reinstituted suit was still pending . . . the courts . . . [are] able to order payment of costs." Id. (quoting Ward v. Taylor, 68 N.C. App. 74, 79, 314 S.E.2d 814, 819 (1984)).
"The `costs' to be taxed under N.C. Gen. Stat. § 1A-1, Rule 41(d) against a plaintiff who dismisses an action under Section 1A-1, Rule 41(a), means the costs recoverable in civil actions as delineated in N.C. Gen. Stat. § 7A-305(d)." Id. Costs recoverable in civil actions pursuant to N.C.G.S. § 7A-305(d) include "[p]remiums for surety bonds for prosecution, as authorized by G.S. 1-109." N.C.G.S. § 7A-305(d)(9) (2007).
Rule 41(d) governs dismissals of actions, and provides in pertinent part:
Costs.A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.
N.C.G.S. § 1A-1, Rule 41(d) (2007). The language of Rule 41(d) "constitutes a mandatory directive to the trial court, and payment of costs taxed in the first action is a mandatory condition precedent to the bringing of a second action on the same claim." Sealey, 115 N.C. App. at 346, 444 S.E.2d at 635 (internal citations and quotations omitted).
In the present case, the "costs" of plaintiff's voluntarily dismissed action included the cost of the prosecution bond as ordered by the trial court. See N.C.G.S. § 7A-305(d)(9). Plaintiff can not avoid costs ordered by the trial court by taking a voluntary dismissal and then re-filing his case. The trial court did not err by granting defendant's motion to dismiss. This assignment of error is overruled.

II, III, IV
As to his remaining arguments, plaintiff fails to make an argument or cite authority in support of his arguments. Therefore, pursuant to N.C.R. App. P. 28(b)(6) (2007), we deem these arguments abandoned and dismiss plaintiff's remaining arguments.
Affirmed in part, dismissed in part.
Judge ELMORE concurs.
Judge STEELMAN concurs in the result by separate opinion.
Report by Rule 30(e).
STEELMAN, Judge, concurring in the result.
I concur in the result reached by the majority but disagree with the reasoning of the opinion.
N.C. Gen. Stat. § 7A-305 enumerates as costs: "Premiums for surety bonds for prosecution, as authorized by G.S. 1-109." N.C. Gen. Stat. § 7A-305(d)(9) (2007). The majority misconstrues this provision to hold that the failure of plaintiff to post a prosecution bond pursuant to N.C. Gen. Stat. § 1-109 somehow constitutes an item of costs supporting the dismissal pursuant to Rule 41(d) of the Rules of Civil Procedure. N.C. Gen. Stat. § 7A-305(d)(9) refers to a party being able to recover any premium paid for a surety bond as costs. There is no evidence in the record that either party paid a surety bond premium in the prior action.
The record would support the dismissal of plaintiff's action under Rule 41(d) for failure to pay costs in the prior action. Defendant filed a motion asserting that he incurred costs of $67.50 for a mediation fee in the prior action. Mediation fees are properly taxed as costs. Priest v. Safety-Kleen Systems, Inc., ___ N.C. App. ___, ___, 663 S.E.2d 351, 353 (2008) (citing Miller v. Forsyth Mem'l Hosp., Inc., 173 N.C. App. 385, 392, 618 S.E.2d 838, 843, aff'd on reh'g, 174 N.C. App. 619, 625 S.E.2d 115 (2005)); see also N.C. Gen. Stat. §§ 7A-305(d)(7), -38.1(k) (2007).
However, the trial court's order did not dismiss plaintiff's action pursuant to Rule 41(d) but rather under Rule 12(b)(6). I would affirm that ruling.
When a plaintiff elects to voluntarily dismiss a medical negligence action, an expert witness for plaintiff is under no obligation to serve as an expert in the refiled action. "[O]nce a plaintiff files a voluntary dismissal under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, it is as if the suit had never been filed. The refiling of the case within the one-year time limit of the rule begins the case anew for all purposes." Barham v. Hawk, 165 N.C. App. 708, 719, 600 S.E.2d 1, 8 (2004) (citations and quotations omitted), aff'd, 360 N.C. 358, 625 S.E.2d 778 (2006).
Plaintiff's complaint makes no allegation that defendant agreed to serve as an expert in the refiled action, which was filed nearly a year after the first action was dismissed. Plaintiff makes the flawed assumption that since defendant served as his expert in the prior action, he was under a continuing obligation to serve as his expert in the second action. It was plaintiff's responsibility to contact defendant and reach an agreement with him to provide services as an expert witness prior to filing the second action.