BOBBY REX DAVIS, PLAINTIFF V. SALLY DAVIS WRENN, INDIVIDUALLY, AND AS "TRUSTEE-ADMINISTRATOR OF THE WILL OF MARY ALICE DAVIS," DEFENDANT

No. COA95-181

(Filed 19 December 1995)

**Pleadings § 62 (NCI4th)— claim properly dismissed—sanctions improperly imposed**

The trial court did not err in dismissing plaintiff's complaint for failure to state a claim upon which relief could be granted, since three of the claims were barred by the statute of limitations and the fourth claim had no basis in law or fact; however, the court erred in imposing Rule 11 sanctions where the court made no findings or conclusions explaining how plaintiff's conduct violated Rule 11 provisions or the appropriateness of the sanction imposed ($6,692 in attorney's fees).

**Am Jur 2d, Pleading §§ 26, 226.**

**Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed. 556.**

Appeal by plaintiff from order entered 25 April 1994 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 14 November 1995.

*Martin & Martin, P.A., by J. Matthew Martin, for plaintiff-appellant.*

*Randolph L. Worth for defendant-appellee.*

WALKER, Judge.

This appeal arises from a dispute over the administration of the estate of Mary Alice Davis. Ms. Davis, plaintiff's aunt, died on 9 July

1989, leaving a handwritten (holographic) will. In the will, Ms. Davis named her sister, defendant Sally Davis Wrenn, as executrix of the estate. The will's residuary clause provided that "everything (money and property) be settled and divided equally" among her nieces and nephews, including plaintiff. Defendant submitted Ms. Davis' will to the Clerk of Superior Court of Wake County on 10 July 1989, and it was duly probated.

Included in Ms. Davis' estate were various accounts and certificates of deposit (CDs), all of which were joint accounts with the right of survivorship established pursuant to N.C. Gen. Stat. § 41-2.1 naming defendant as the joint owner. In carrying out her duties as executrix of her sister's estate, defendant filed a 90 Day Inventory on 22 September 1989, properly listing only one-half of the value of the various accounts and CDs.

After the estate had been closed and defendant had been discharged, fourteen of Ms. Davis' nieces and nephews, including plaintiff, filed a "Petition" alleging that the terms of Ms. Davis' will had not been carried out properly. This "Petition" was apparently filed without aid of counsel. In April 1990, plaintiff filed a Motion for Default. The record does not reflect any disposition of this purported action although there is some indication that a hearing had been requested for 6 June 1990.

Thereafter, with aid of counsel, thirteen of Ms. Davis' nieces and nephews, including plaintiff, successfully petitioned the Clerk to reopen the estate for the purpose of verifying that all of Ms. Davis' accounts and CDs were joint accounts with the right of survivorship. As requested by the petitioners, defendant provided to their attorney the bank signature cards for all of Ms. Davis' accounts, copies of all CDs, and bank statements showing the account balances as of 9 July 1989. These documents verified that the accounts were joint accounts with the right of survivorship. The estate was ordered reclosed by order filed 7 December 1990. In the interim, on 31 October 1990, plaintiff filed another *pro se* "Motion" alleging the applicability of N.C. Gen. Stat. § 53-146.1, effective 1 July 1989, which permitted the establishment of different types of joint accounts. The record does not indicate any further action or disposition regarding this "Motion."

In late 1991, six of Ms. Davis' nieces and nephews (not including plaintiff herein) filed, through counsel, a lawsuit contending that they were entitled to the proceeds of the joint accounts and CDs, despite the fact that all of the accounts and CDs had been verified as joint

accounts with the right of survivorship. That action was settled in October 1993.

On 6 December 1993, plaintiff, on his behalf and purportedly on behalf of the other nieces and nephews of Ms. Davis as a class, filed a *pro se* complaint alleging irregularities in defendant's administration of Ms. Davis' estate. These alleged irregularities included under-reporting of the value of the estate, filling out false forms with the Clerk, lying about Ms. Davis' accounts and CDs, and otherwise attempting to defeat the desires of Ms. Davis. Plaintiff's theories of relief included fraud, conversion, breach of fiduciary duty, and constructive trust. Defendant answered through counsel, moved to dismiss on various grounds, moved for sanctions, and counterclaimed. Thereafter, plaintiff made numerous other responses and demands on defendant, all of which required defendant to respond through counsel. On 25 April 1994, the trial court entered an order granting defendant's Rule 12(b)(6) motion to dismiss and imposing sanctions against plaintiff. Following plaintiff's timely notice of appeal, the trial court determined that plaintiff was the only party plaintiff to this action.

We first address plaintiff's argument that the trial court erred in dismissing his action. A dismissal pursuant to Rule 12(b)(6) should be granted when (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint reveals on its face the absence of fact sufficient to make a valid claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). The trial court apparently based its order of dismissal on the third ground, concluding that "[p]laintiff's action is barred by the three year statute of limitations pursuant to N.C.G.S. § 1-52."

For purposes of this appeal, the parties agree that plaintiff's complaint, liberally construed, attempts to allege four separate causes of action: fraud, breach of fiduciary duty, and conversion (which have a three-year statute of limitations pursuant to N.C. Gen. Stat. § 1-52); and constructive trust (which has a ten-year statute of limitations pursuant to N.C. Gen. Stat. § 1-56).

As for the claims of fraud, conversion, and breach of fiduciary duty, we hold that the trial court correctly determined they were barred by the three-year statute of limitations. "Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party

did not then know the wrong had been committed." *Wilson v. Development Co.*, 276 N.C. 198, 214, 171 S.E.2d 873, 884 (1970); *see also Bolick v. American Barmag Corp.*, 54 N.C. App. 589, 594, 284 S.E.2d 188, 191 (1981), *modified on other grounds and affirmed*, 306 N.C. 364, 293 S.E.2d 415 (1982). The trial court found that the final account closing Ms. Davis' estate was signed on 23 February 1990. Thus, 23 February 1990 would have been the date that the alleged wrong was complete for purposes of bringing claims against defendant for fraud, breach of fiduciary duty, and conversion stemming from defendant's administration of Ms. Davis' estate. Since plaintiff did not file the instant action until 6 December 1993, almost ten months after the estate was first closed, these claims are time-barred. Plaintiff's novel argument that these causes of action accrued on 7 December 1990, when the estate was closed for the second and final time and "the last moment in which the Defendant had the opportunity to correct the estate accounting, and otherwise comply with applicable laws," is rejected as contrary to law and common sense.

The trial court made no finding or conclusion as to whether the ten-year statute of limitations on plaintiff's constructive trust claim had expired. However, this omission is of no consequence, since the constructive trust claim had no basis in law or fact. Indeed, we are of the opinion that none of plaintiff's allegations stated a valid claim, factually or legally. Therefore, regardless of whether any applicable statutes of limitations had run, the trial court did not err in granting defendant's motion to dismiss plaintiff's action. We now turn to plaintiff's argument that the trial court erred in imposing Rule 11 sanctions against him by ordering him to pay defendant's attorney's fees in the amount of $6,692. Rule 11 of the North Carolina Rules of Civil Procedure requires the person who signs a pleading to certify that the pleading is well grounded in fact and law and is not interposed for any improper purpose. N.C. Gen. Stat. § 1A-1, Rule 11(a) (1990). When a document is signed in violation of this rule, sanctions are mandatory. *Id.* (The court "shall impose" sanctions upon finding a Rule 11 violation). A trial court's decision whether Rule 11 sanctions are warranted is reviewable *de novo*, and this Court must determine (1) whether the court's conclusions of law support its judgment or determination; (2) whether the trial court's conclusions of law are supported by its findings of fact; and (3) whether the findings of fact are supported by a sufficiency of the evidence. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

We have carefully reviewed the trial court's order in the instant case, and we conclude that the court's findings and conclusions are insufficient to support an award of sanctions. *See McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995) (a court's failure to enter findings of fact and conclusions of law on the issue of whether Rule 11 sanctions are warranted is error which generally requires remand in order for the trial court to resolve any disputed factual issues). Although the order recites that "[s]anctions are imposed against plaintiff for violation of the legal provision and improper purpose provision" of Rule 11, it contains no findings or conclusions explaining how plaintiff's conduct violated these provisions. Moreover, there is nothing in the order to explain the appropriateness of the sanction imposed ($6,692 in attorney's fees) or to indicate how the court arrived at that figure. Therefore, we reverse the trial court's imposition of sanctions against plaintiff and remand for additional findings consistent with this opinion.

Plaintiff concludes his brief with the following quotation from *Jarrett v. Green*, 230 N.C. 104, 108, 52 S.E.2d 223, 225 (1949): "We are entitled to pursue the hunt so long as we can track the fox; and not until we lose the trail are we obliged to abandon the chase, call our dogs and go home." However, it should have been apparent to plaintiff before he filed this action that it was futile to track the fox because there was no scent for the dogs to trail. Plaintiff should have long since abandoned the chase, called his dogs, and gone home.

Affirmed in part, reversed in part, and remanded.

Judges JOHNSON and SMITH concur.