SHANNON FATTA
v.
M & M PROPERTIES MANAGEMENT, INC.

COA12-694

Filed 4 December 2012

### 1. Pretrial Proceedings—motion to strike—motion for sanctions

The trial court did not err in an action relating to the Retaliatory Employee Discrimination Act and wrongful termination by granting defendant's motion to strike and motion for sanctions against plaintiff. The trial court entered detailed and thorough findings of fact regarding the allegations made by plaintiff against defendant and against the trial judge; the facts as entered by the trial court were supported by the record, and the conclusions of law were fully supported by the findings of fact.

FATTA v. M & M PROPERTIES MGMT., INC.

[224 N.C. App. 18 (2012)]

## 2. Pretrial Proceedings—motion for sanctions—improper purpose

The trial court did not err in an action relating to the Retaliatory Employee Discrimination Act and wrongful termination by granting sanctions against plaintiff pursuant to Rule 11(a). There was sufficient evidence to support the trial court's determination that plaintiff's motion for sanctions was filed for an improper purpose.

## 3. Pretrial Proceedings—Rule 11 sanction—gatekeeper provision—no abuse of discretion

The trial court did not abuse its discretion in an action relating to the Retaliatory Employee Discrimination Act and wrongful termination by entering the Rule 11 sanction of a "gatekeeper" provision against plaintiff. The trial court's order explained the court's reasons for entering the sanctions against plaintiff, the gatekeeper provision was narrowly tailored and limited in scope, and plaintiff was provided an opportunity to be heard and had notice that the trial court intended to impose a gatekeeper provision.

Appeal by plaintiff from orders entered 4 January 2012 by Judge Christopher M. Collier in Iredell County Superior Court. Heard in the Court of Appeals 23 October 2012.

*Shannon Fatta pro se plaintiff-appellant.*

*Fisher & Phillips, LLP, by Mason G. Alexander, for defendant-appellee.*

BRYANT, Judge.

Where the trial court did not err by granting defendant's Rule 12(f) motion to strike and Rule 11 motion for sanctions against plaintiff, we affirm the orders of the trial court.

### Facts and Procedural History

The case before us originates from an action commenced on 6 July 2010 by plaintiff Shannon Fatta against defendant M & M Properties Management, Inc. alleging several causes of action relating to the Retaliatory Employee Discrimination Act, and wrongful termination. On 10 March 2011, the trial court entered summary judgment in favor of defendant and dismissed plaintiff's claims with prejudice. Thereafter, plaintiff filed a motion to reconsider and amend summary judgment pursuant to Rule 59(e) of the North Carolina

Rules of Civil Procedure which was denied on 18 April 2011 following a hearing. On 20 April 2011, plaintiff appealed to our Court, and we affirmed the trial court's summary judgment order in *Fatta v. M & M Properties Management, Inc.*, ___ N.C. App. ___, 727 S.E.2d 595 (2012) ("Fatta I").

On 13 July 2011, three months after plaintiff noted an appeal in this matter to our Court, plaintiff filed a motion for sanctions pursuant to Rules 11, 26(g), and 37(d) of the North Carolina Rules of Civil procedure against defendant and defendant's counsel, Margaret M. Kingston ("Kingston") of Fisher & Phillips LLP and a motion for relief from the 10 March 2011 summary judgment order entered in favor of defendant pursuant to Rules 60(b)(1), 60(b)(3), and 60(b)(6) ("Motion for Sanctions; Motion for Relief from Judgment"). Plaintiff alleged numerous discovery violations and other misconduct by defendant and Kingston. Plaintiff filed an amended "Motion for Sanctions; Motion for Relief from Judgment" on 26 September 2011. On 12 August 2011, defendant filed a motion to strike plaintiff's "Motion for Sanctions; Motion for Relief from Judgment" and a motion for sanctions against plaintiff.

Following a hearing held on 14 October 2011, the trial court made numerous findings of fact including the following:

> Plaintiff has attempted to create a discovery dispute. Plaintiff's arguments about discovery violations are improper and lacking in a factual basis.

> The parties engaged in extensive discovery in this case, including correspondence between the parties about the adequacy of objections made to certain discovery responses. Plaintiff never filed a motion to compel or any other discovery motion. He raised his discovery arguments for the first time in his "Motion for Sanctions; Motion for Relief from Judgment", after summary judgment was granted and his claims were dismissed.

> This Court does not have jurisdiction to review a potential discovery dispute between the parties. The Court entered an Order granting summary judgment to Defendant and dismissing Plaintiff's claims in their entirety on March 10, 2011. Plaintiff has appealed that decision to the North Carolina Court of Appeals.

FATTA v. M & M PROPERTIES MGMT., INC.

[224 N.C. App. 18 (2012)]

Although Plaintiff's discovery challenges are not proper, this Court will briefly address Plaintiff's arguments that the discovery violations amounted to fraud under Rule 60.

. . .

The Court finds no factual support for Plaintiff's claim of discovery violations or misconduct regarding this allegation.

. . .

In bringing these challenges at this late date and without legal or factual support, Plaintiff has violated Rule 11 of the North Carolina Rules of Civil Procedure. Also, Plaintiff's discovery allegations are frivolous and insufficient as a matter of law and should be stricken from the record pursuant to Rule 12(f) of the North Carolina Rules of Civil Procedure.

. . .

The Court finds that these allegations are frivolous. Plaintiff has no facts or evidence to support these allegations. Plaintiff has no legal authority to support these allegations. Plaintiff relies upon his own affidavit, which contains conclusory and factually inaccurate assertions about the parties' arguments at the summary judgment hearing and the undersigned's decision following the hearing.

. . .

Plaintiff made the unsupported assertion that two of Defendant's summary judgment affiants, Jenny Meyer and Glenn McFarland, misrepresented facts in their affidavits in an effort to mislead the Court. The Court finds that this is an outrageous assertion without any facts in support. In addition, the Court finds that Ms. Meyer and Mr. McFarland have submitted additional affidavits under oath attesting to the accuracy of their prior affidavits.

Plaintiff also made the unsupported assertion that Defendant and counsel for Defendant intentionally misrepresented facts and case law on his claims and committed fraud on the court.

. . .

FATTA v. M & M PROPERTIES MGMT., INC.

[224 N.C. App. 18 (2012)]

The Court finds no legal or factual basis for Plaintiff's allegations of fraud and Rule 11 violations in connection with this Court's summary judgment ruling and subsequent ruling on Plaintiff's Rule 59 motion. The Court finds that these are outrageous allegations by Plaintiff. In raising these allegations in Plaintiff's Motion, Plaintiff has violated Rule 11 of the North Carolina Rules of Civil Procedure.

. . .

The undersigned presided over the pretrial conference, the summary judgment hearing, the hearing on Plaintiff's Rule 59 motion, and the hearing on Defendant's Motion to Strike and Motion for Sanctions in this matter. The undersigned has observed the conduct of the parties and reviewed the documents filed and submitted to the Court by the parties. Plaintiff's suggestion that the undersigned was part of a fraudulent scheme with counsel for Defendant is outrageous.

The Court finds that Plaintiff has filed and pursued his "Motion for Sanctions; Motion for Relief from Judgment" alleging fraud and Rule 11 violations against Defendant and counsel for Defendant without any factual or legal support. The Court finds Plaintiff's Motion and the manner in which Plaintiff pursued his Motion has been intended to harass counsel for Defendant and to needlessly increase the cost of this litigation for Defendant. . . .

. . .

The Court finds that Plaintiff has made some very serious allegations against Defendant and counsel for Defendant, and that these allegations of fraud and misconduct are not supported by any facts or law. Due to Plaintiff's pursuit of this frivolous Motion, this Court finds that the sanction of a gatekeeper provision is necessary and appropriate.

. . .

The Court finds that Plaintiff has exhibited conduct in this matter showing such a disregard for the rules of law

FATTA v. M & M PROPERTIES MGMT., INC.

[224 N.C. App. 18 (2012)]

and procedure which, if he were licensed as an attorney, would require and demand reporting him to the North Carolina State Bar questioning his fitness to practice. The Court finds that Plaintiff's baseless allegations, Motion, and materials in support of the Motion were filed and pursued for the improper purpose of harassing the opposing party and opposing party's counsel, and costing the opposing party unnecessary time and expense in responding to these allegations and filings. This Court has the inherent power to impose such special limitations as are reasonably necessary for the proper administration of justice, including the authority to regulate and discipline persons who appear before the Court to prevent impropriety and to provide an appropriate remedy to meet the circumstances of the case. The nature of Plaintiff's conduct and the extraordinary circumstances of this matter require that the Court place special limitations on Plaintiff's access to the Iredell County Superior Court and enter a gatekeeper order.

The trial court then made the following pertinent conclusions of law:

The Court lacks jurisdiction to hear a discovery dispute but has considered Plaintiff's discovery allegations in connection with his Rule 60 allegations of fraud and Rule 11 allegations against Defendant and [Kingston]. The Court concludes that Plaintiff has shown no discovery violations. The Court further concludes that Plaintiff's discovery allegations are frivolous and lacking in any factual and legal support.

The Court concludes that Plaintiff has shown no Rule 11 violation, misrepresentation, or other alleged misconduct amounting to fraud or fraud on the Court by Defendant or [Kingston]. The Court further concludes that there is no factual or legal support for any of the fraud, Rule 11, or other misconduct allegations against Defendant and [Kingston] and these allegations are frivolous.

The Court concludes that Plaintiff's "Motion for Sanctions;. Motion for Relief from Judgment" is frivolous and insufficient as a matter of law and should be

stricken pursuant to Rule 12 of the North Carolina Rules of Civil Procedure. The Motion is not well grounded in fact or law and appears to have been filed in order to harass Defendant and [Kingston] and to needlessly increase the costs of this litigation. In signing and filing this Motion, Plaintiff has violated Rule 11[.]

. . .

The Court concludes that, due to the very serious nature of the allegations in Plaintiff's Motion and which are unsupported by any facts or law, the sanction of a gatekeeper provision and the sanction of reasonable attorneys' fees and costs incurred by Defendant in defending Plaintiff's Motion are necessary and appropriate.

Accordingly, in a 4 January 2012 order, the trial court granted defendant's motion to strike and motion for sanctions against plaintiff. The trial court also entered a gatekeeping order and awarded attorney's fees and costs to defendant. From these orders, plaintiff appeals.

Plaintiff presents the following issues on appeal: (I) whether the trial court erred by allowing defendant's motion to strike and motion for sanctions against plaintiff where the motion was improper pursuant to N.C. Gen. Stat. § 1A-1, Rule 7(b)(1); (II) whether the trial court erred by granting sanctions against plaintiff pursuant to N.C. Gen. Stat. § 1A-1, Rule 11(a); and, (III) whether the trial court abused its discretion by entering the sanction of a gatekeeper provision.

*I*

[1] In his first argument, plaintiff contends the trial court erred by granting defendant's motion to strike and motion for sanctions against plaintiff where defendant's motions violated N.C.S.S. § 1A-1, Rule 7(b)(1).

N.C.G.S. § 1A-1, Rule 7(b)(1) (2011) states the following:

An application to the court for an order shall be by motion which, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing, *shall state with particularity the grounds therefor, and shall set forth the relief or order sought.* The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

*Id.* (emphasis added). The comments to Rule 7(b)(1) states:

> The 2000 amendment conforms the North Carolina rule to federal Rule 7(b). The federal courts do not apply the particularity requirement as a procedural technicality to deny otherwise meritorious motions. Rather, the federal courts apply the rule to protect parties from prejudice, to assure that opposing parties can comprehend the basis for the motion and have a fair opportunity to respond.

*Id.* cmt.

Rule 11(a) of the North Carolina Rules of Civil Procedure reads that

> [t]he signature of . . . [a] party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.G.S. § 1A-1, Rule 11(a) (2011). Rule 12(f) states that "[u]pon motion made by a party . . . the judge may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C.G.S. § 1A-1, Rule 12(f) (2011).

Here, defendant's motion to strike and motion for sanctions against plaintiff stated the following:

> Plaintiff's most recent Motions ("Motion for Sanctions; Motion for Relief from Judgment") are frivolous and insufficient as a matter of law. The Motions are not well grounded in fact or law. Also, Plaintiff's intent in filing these Motions is to harass counsel for Defendant and to cause needless increase in the cost of litigation. In signing and filing these Motions, Plaintiff has violated Rule 11 of the North Carolina Rules of Civil Procedure. In addition, Plaintiff's Motions contain irrelevant and outrageous assertions that should be stricken pursuant to Rule 12(f) of the North Carolina Rules of Civil Procedure.

Plaintiff argues that defendant's motion "does not point to what is frivolous or what is insufficient as a matter of law[,]" "does not provide how Plaintiff filing for sanctions or relief from judgment constitutes harassment or other improper purposes[,]" and that "[t]here is no indication of what is irrelevant, what is outrageous, or why something is even considered outrageous." While we disagree with plaintiff's characterizations, we note that our task is to review the trial court's decision to grant or deny a motion to strike and motion for sanctions. (Rule 12(f) motions are reviewed for abuse of discretion. *See Reese v. Brooklyn Vill., LLC*, ___ N.C. App. ___, ___, 707 S.E.2d 249, 260 (2011); Rule 11(a) motions are reviewed *de novo*. "The appropriateness of a particular sanction is reviewed for abuse of discretion." *Bledsoe v. Johnson*, 357 N.C. 133, 138, 579 S.E.2d 379, 381-82 (2003) (citation omitted)).

Defendant's motion for sanctions cited Rule 11 and specified that plaintiff's motion for sanctions was "frivolous and insufficient as a matter of law." In its consideration of the allegations, the trial court found that plaintiff had "attempted to create a discovery dispute" and that plaintiff brought his "challenges at this late date and without legal or factual support." The trial court found that plaintiff had relied on his own affidavit "which contains conclusory and factually inaccurate assertions" surrounding the summary judgment hearing at which the trial judge (the Honorable Christopher M. Collier) had presided. Based upon the motions and other evidence of record, the trial court concluded that plaintiff's improper purpose in filing these motions was to harass the opposing party and its counsel, and to cause the opposing party unnecessary time and expense in responding to plaintiff's allegations, a needless increase in the cost of litigation.

Defendant's motion to strike cited Rule 12(f) and specified that plaintiff's motions "contain[ed] irrelevant and outrageous assertions[.]" The trial court found that plaintiff's allegations were "baseless" and concluded that plaintiff's conduct demonstrated a "disregard for the rules of law and procedure[.]" In addition, defendant's motion for sanctions and motion to strike specifically stated the relief requested: "[t]hat the Court strike from the record Plaintiff's 'Motion for Sanctions; Motion for Relief from Judgment' "; "[t]hat the Court enter an Order determining that Plaintiff's Motions are not well grounded in law or in fact and are intended to harass Defendant and counsel for Defendant;" and "[t]hat Defendant recover all costs and reasonable attorneys' fees incurred in the defense of Plaintiff's frivolous Motions[.]" *See Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App.

**FATTA v. M & M PROPERTIES MGMT., INC.**

[224 N.C. App. 18 (2012)]

180, 609 S.E.2d 456 (2005) (holding that the defendant's Rule 12(b)(4) and 12(b)(5) motion to dismiss was stated with sufficient particularly as to the grounds alleged and sufficiently set forth the relief sought, as required by Rule 7(b)(1)).

The trial court entered detailed and thorough findings of fact regarding the very serious and troubling allegations made by plaintiff against defendant and against the trial judge. The facts as entered by the trial court are supported by the record. Further, the conclusions of law are fully supported by the findings of fact. Accordingly, we hold that the trial court did not err in granting defendant's motions. Plaintiff's argument is overruled.

*II*

**[2]** Next, plaintiff argues that the trial court erred in granting sanctions against plaintiff pursuant to Rule 11(a).

"This Court exercises de novo review of the question of whether to impose Rule 11 sanctions." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994). "There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of *any one* of these requirements mandates the imposition of sanctions under Rule 11." *Batlle v. Sabates*, 198 N.C. App. 407, 425, 681 S.E.2d 788, 800 (2009) (citation omitted) (emphasis added). "When reviewing the decision of a trial court to impose sanctions under Rule 11, an appellate court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment." *Johns v. Johns*, 195 N.C. App. 201, 206, 672 S.E.2d 34, 38 (2009) (citation omitted).

Because we hold that the record supports that plaintiff violated the improper purpose prong, we find it unnecessary to address the other prongs. *See Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) ("Even if a complaint is well-grounded in fact and in law, it may nonetheless violate the improper purpose prong of Rule 11.").

> Under Rule 11, an objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose. Because an objective standard is employed, an improper purpose may be

> inferred from the alleged offender's objective behavior.
> In assessing that behavior, we look at the totality of
> the circumstances.

*Johns*, 195 N.C. at 212, 672 S.E.2d at 42 (citations and quotations omitted). "An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test." *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (citation omitted). "In other words, a party 'will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents or cause them unnecessary cost or delay." *Brown*, 124 N.C. App. at 382, 477 S.E. 2d at 238 (citation omitted).

In the instant case, plaintiff challenges the following finding of fact which was made in support of the improper purpose prong:

> The Court finds Plaintiff's Motion and the manner in
> which Plaintiff pursued his Motion has been intended to
> harass counsel for Defendant and to needlessly increase
> the cost of this litigation for Defendant. In filing and
> pursuing Plaintiff's Motion, Plaintiff has violated Rule 11
> of the North Carolina Rules of Civil Procedure.

A thorough review of the record indicates there was sufficient evidence to support the trial court's determination that plaintiff's motion for sanctions was filed for an improper purpose. On 10 March 2011, the trial court granted summary judgment in favor of defendant and dismissed all of plaintiff's claims. Plaintiff filed a Rule 59(e) motion which was denied on 18 April 2011 following a hearing. On 20 April 2011, plaintiff appealed to our Court, and we affirmed the trial court's summary judgment order in *Fatta* I.

Thereafter, plaintiff filed his motion for sanctions and motion for relief from judgment. Although plaintiff's motion alleged numerous discovery violations and other alleged misconduct by defendant and defense counsel, there was no evidence that plaintiff ever filed a motion to compel or any discovery related motion prior to filing the motion at hand, until *after* summary judgment was granted in favor of defendant, his claims were dismissed, and the case was appealed to our Court. It is undisputed that although plaintiff challenged defendant's motion for a protective order regarding his Rule 30(b)(6) Notice of Deposition, defendant's motion for a protective order properly challenged plaintiff's improper notice of deposition on the basis that it sought testimony on topics beyond the scope of Rule 26 and that it was so overly broad that defendant could not designate nor prepare a

witness. The unchallenged findings by the trial court—that plaintiff "attempted to create a discovery dispute" and that his "arguments about discovery violations [were] improper"—support the finding that plaintiff's motion was filed for the improper purpose of harassing defendant and defendant's counsel.

In regard to the trial court's finding that plaintiff's motion was filed for the improper purpose of "costing the opposing party unnecessary time and expense in responding to these allegations and filings[,]" we find sufficient evidence to support this finding. Defendant and defendant's counsel filed a motion to strike and motion for sanctions against plaintiff on 12 August 2011 and a response on 14 September 2011—both made directly in response to plaintiff's motion for sanctions. Therefore, defendant and defendant's counsel necessarily spent time and thereby increased the cost of litigation by defending plaintiff's "frivolous" discovery allegations—an uncontested finding by the trial court.

Based on the foregoing, the trial court's findings of fact support the following unchallenged conclusion of law:

> The Court concludes that Plaintiff's baseless allegations, Motion, and materials in support of the Motion were filed and pursued for the improper purpose of harassing the opposing party and opposing party's counsel, and costing the opposing party unnecessary time and expense in responding to these allegations and filings.

Because the findings of fact are supported by sufficient evidence, and the findings of fact support the conclusion of law, we hold that the trial court did not err by concluding that plaintiff violated the improper purpose prong by the filing of his motion for sanctions, thereby warranting the imposition of Rule 11 sanctions against plaintiff.

### III

[3] In his last argument, plaintiff contends the trial court abused its discretion by entering the Rule 11 sanction of a "gatekeeper" provision against plaintiff.

In reviewing the particular sanction imposed, we use an abuse of discretion standard. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

The trial court concluded the following: "[t]he nature of Plaintiff's

conduct and the extraordinary circumstances of this matter require that the Court place special limitations on Plaintiff's access to the Iredell County Superior Court and enter a gatekeeping order." The trial court also ordered that "Plaintiff is prohibited from filing or submitting to the Iredell County Superior Court any further motion, pleading, or other document unless the document is signed by an attorney licensed to practice in the State of North Carolina.

Plaintiff first relies on *Davis v. Wrenn*, 121 N.C. App. 156, 464 S.E.2d 708 (1995) (overruled on other grounds), for the contention that the trial court erred when it failed to "explain why the chosen sanction is appropriate[.]" In *Davis*, our Court held that the trial court's findings and conclusions were insufficient to support an award for Rule 11 sanctions. *Id.* at 160, 464 S.E.2d at 711. The *Davis* order merely recited that "sanctions are imposed against plaintiff for violation of the legal provision and improper purpose provision" of Rule 11, without any findings or conclusions regarding "how plaintiff's conduct violated these provisions." *Id.* Further, our Court held that "there [was] nothing in the order to explain the appropriateness of the sanction imposed." *Id.*

However, in the case *sub judice*, the trial court's order included the following finding of fact, explaining the trial court's reasons for entering Rule 11 sanctions against plaintiff:

> The Court finds that Plaintiff has exhibited conduct in this matter showing such a disregard for the rules of law and procedure which, if he were licensed as an attorney, would require and demand reporting him to the North Carolina State Bar questioning his fitness to practice. . . . This Court has the inherent power to impose special limitations as are reasonably necessary for the proper administration of justice, including the authority to regulate and discipline persons who appear before the Court to prevent impropriety and to provide an appropriate remedy to meet the circumstances of the case. The nature of Plaintiff's conduct and the extraordinary circumstances of this matter require that the Court place special limitations on Plaintiff's access to the Iredell County Superior Court and enter a gatekeeper order.

The trial court also made the following conclusions of law regarding the appropriateness of Rule 11 sanctions: "[D]ue to the very serious nature of the allegations in Plaintiff's Motion and which are unsup-

ported by any facts or law, the sanction of a gatekeeper provision . . . are necessary and appropriate[;]" "The nature of Plaintiff's conduct and the extraordinary circumstances of this matter require that the Court place special limitations on Plaintiff's access to the Iredell County Superior Court and enter a gatekeeping order."

Next, plaintiff relies on *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812 (4th Cir. 2004), for the assertion that the gatekeeper provision was too broad. In *Cromer*, the trial court imposed a pre-filing injunction enjoining the plaintiff from making " '*any and all* filings in this case' and 'any filing in any other, unrelated case [in the United States District Court for the Western District of North Carolina] unless he first . . . obtained permission to so file' from the magistrate judge." *Id.* at 816. The United States Court of Appeals for the Fourth Circuit held that the injunction was "not narrowly tailored to fit the particular circumstances of the case" because "nothing in the record justified infringing upon his right to bring suit in *unrelated* cases." *Id.* at 818. Therefore, it held that "imposing a categorical ban on future filings in this case leaves no room for potentially meritorious filings, even ones so regarded by a district court." *Id.*

The circumstances of the case before us are vastly different. Here, the gatekeeper provision was much more narrowly tailored and limited in scope than the injunction imposed in *Cromer.* The gatekeeper provision limited plaintiff from filing or submitting to the Iredell County Superior Court any further motion, pleading, or other document unless the document was signed by a North Carolina licensed attorney. In *Cromer*, the plaintiff was prohibited from filing "any and all" filings related to the case and even prohibited from filing anything in an unrelated matter without permission. Further, the gatekeeper provision provided room for potentially meritorious filings without imposing a type of categorical ban on future filings like those referenced in *Cromer*.

Lastly, plaintiff argues the trial court erred because plaintiff was not provided an opportunity to be heard and did not have notice that the trial court intended to impose a gatekeeper provision. However, the evidence indicates that prior to the 14 October 2011 hearing, plaintiff had notice of defendant's 12 August 2011 motion to strike and motion for Rule 11 sanctions against plaintiff and that plaintiff had ample opportunity to be heard at the hearing on defendant's Rule 11 motion.

Based on the foregoing, the trial court did not abuse its discretion by entering the Rule 11 sanction of a gatekeeper provision against plaintiff.

Affirmed.

Judges MCGEE and THIGPEN concur.